IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER HARBRIDGE,  )<br>                                                          )<br>        Plaintiff,                                 )<br>                                                          )<br>    vs.                                               )<br>                                                          )<br>JAMES A. YATES, et al.,                  )<br>                                                          )<br>        Defendants.                           )<br>_____) | Case No. 1:10-cv-00473 AWI JLT (PC)<br><br>ORDER DENYING IN PART AND GRANTING<br>IN PART MOTION FOR RECONSIDERATION<br><br>(Doc. 17) |

Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to the Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 302. On January 27, 2011, the Magistrate Judge ordered the dismissed with leave to amend and denied Plaintiff's Rule 60 motion. (Doc. 14) Pending before the Court is Plaintiff's motion for reconsideration filed on February 14, 2010. (Doc. 17)

**I.    Motion for Reconsideration**

A district court may refer pretrial issues to a magistrate judge under 28 U.S.C. § 636 (b)(1). See Bhan v. NME Hosp., Inc., 929 F.2d 1404, 1414 (9th Cir. 1991). If a party objects to a non-dispositive pretrial ruling by a Magistrate Judge, the district court will review or reconsider the ruling under the "clearly erroneous or contrary to law" standard. Fed. R. Civ. Pro. 72(a); Osband v. Woodford, 290 F.3d 1036, 1041 (9th Cir. 2002); Grimes v. City of San Francisco, 951 F.2d 236, 240-41 (9th Cir. 1991) (holding that magistrate judge's order "must be deferred to unless it is 'clearly erroneous or contrary to

1

law"). A Magistrate Judge's factual findings are "clearly erroneous" when the district court is left with the definite and firm conviction that a mistake has been committed. Security Farms v. International Bhd. of Teamsters, 124 F.3d 999, 1014 (9th Cir. 1997); Green v. Baca, 219 F.R.D. 485, 489 (C.D. Cal. 2003). However, the district court "may not simply substitute its judgment for that of the deciding court." Grimes, 951 F.2d at 241. The "contrary to law" standard allows independent, plenary review of purely legal determinations by the Magistrate Judge. See Haines v. Liggett Group, Inc., 975 F.2d 81, 91 (3rd Cir.1992); Green, 219 F.R.D. at 489; see also Osband, 290 F.3d at 1041. "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008); Rathgaber v. Town of Oyster Bay, 492 F.Supp.2d 130, 137 (E.D.N.Y.2007); Surles v. Air France, 210 F.Supp.2d 501, 502 (S.D. N.Y. 2001); see Adolph Coors Co. v. Wallace, 570 F.Supp. 202, 205 (N.D. Cal. 1983). "Motions for reconsideration and objections to a Magistrate Judge's order are not the place for a party to make a new argument and raise facts not addressed in his original brief." Jones v. Sweeney, 2008 U.S. Dist. LEXIS 83723, *4 (E.D. Cal. Aug. 21, 2008); see Paddington Partners v. Bouchard, 34 F.3d. 1132, 1137-38 (2d Cir. 1994); Campbell v. Cal. Dep't of Corr. & Rehab., 2009 U.S. Dist. LEXIS 71284, *2 (E.D. Cal. Aug. 4, 2009); United States Fire Ins. Co. v. Bunge N. Am., Inc., 244 F.R.D. 638, 641 (D. Kan. 2007). Therefore, the Court will not and has not considered arguments or evidence that are now presented but were not presented to the Magistrate Judge. See Jones, 2008 U.S. Dist. LEXIS 83723 at *4; United States Fire, 244 F.R.D. at 641.

**A.     Claim 1**

Plaintiff argues that his Claim 1 should not have been dismissed because he contends that placing an inmate on management status for threats of is improper.

However, in Loeb v. Felker, 2007 U.S. Dist. LEXIS 14280 at *14-15 (E.D. CA 2007)[1], this Court found an inmate may be placed on management status as discipline of an inmate who is disrupts the operation of the facility, in part, by refusing to be housed with a cell mate and by failing to heed orders of security staff. Id. at * 7. Loeb lends support for the Magistrate Judge's determination that an inmate

---

[1] Despite Plaintiff's assertion to the contrary (Doc. 17 at 4), citing and relying upon unpublished opinions is proper. L. R. 133(i)(3).

2

need not perpetrate violence to be determined to be "disruptive" but, instead, an inmate may be found to be disruptive and eligible for placement in management status if he refuses to follow orders to share a cell. Id. at *14.

Plaintiff alleges his Claim 1 arises under the Eighth Amendment to the United States Constitution. (Doc. 9 at 6) Nevertheless, he seems to contend that violations of state policy or law are sufficient to state a claim under the Eighth Amendment. However, the Eighth Amendment does not protect against a failure to follow a procedure or policy unless that failure imposes cruel and unusual punishment. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994)). Therefore, even if security staff did not follow state law or procedure, the Court agrees that Claim 1 does not state a claim. Butler v. Moon, 2011 U.S. Dist. LEXIS 36839, at *12 (E.D. Cal. Mar. 22, 2011); Calihan v. Adams, 2011 U.S. Dist. LEXIS 10359, at *8 (E.D. Cal. Jan. 26, 2011); Tatum v. Harmon, 402 F. App'x 159, 159 (8th Cir. 2010); Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997). Therefore, the request for reconsideration as to Claim 1 is **DENIED**.

**B.    Claims 2-6**

Plaintiff complains that the Magistrate Judge should have granted him leave to amend his Claims 2 through 6. (Doc. 17 at 2-3) The Magistrate denied Plaintiff leave to amend these claims as untimely. In his First Amended Complaint, Plaintiff alleges that the acts upon which his Claims 2 through 5 are based, occurred more than four years before his complaint was alleged to have been filed, on March 7, 2010. Therefore, these claims are untimely. (Doc. 9 at 10-17) However, Plaintiff's Claim 6 was alleged to have occurred on March 7, 2006 and after. (Doc. 9 at 17-19) Thus, Claim 6 is timely, as least in part. Therefore, as to Claims 2 through 5, the request for reconsideration is **DENIED**. As to Claim 6, the request for reconsideration is **GRANTED** and Plaintiff will be allowed leave to file an amended complaint as to this claim,.

**C.    Claim 8**

Plaintiff asserts that the Magistrate Judge dismissed his Claim 8 improperly based upon the finding that he failed to plead sufficient facts to support the claim. He cites examples of "facts" that he alleged. However, review of these "facts" demonstrate either that they are, in truth, conclusions or, indeed, are facts but facts that don't indicate any wrongdoing. (Doc. 17 at 9) Moreover, the listed "facts"

1 fail to identify which of the numerous defendants the complaint refers, which further demonstrates their
2 conclusory nature. Plaintiff is required to allege to which defendant he refers and what *each* defendant
3 did by explaining what Plaintiff saw the defendant do, heard the defendant say or he was told that the
4 defendant did or said.

5       Plaintiff argues that he is entitled to an inference based upon his allegations. However,
6 inferences can be based only on factual allegations. Thus, unless *facts*, rather than conclusions, are
7 plead, the complaint fails to state a claim. In Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, (2009), the Court
8 observed, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief
9 that is plausible on its face." The Court continued,

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations,"
> but it demands more than an unadorned, the-defendant-unlawfully-harmed-me
> accusation. [Citations]. A pleading that offers "labels and conclusions" or "a formulaic
> recitation of the elements of a cause of action will not do." [Citation]. Nor does a
> complaint suffice if it tenders "naked assertion[s]" devoid of "further factual
> enhancement." [Citation].

14 Id. Therefore, as to Claim 8, the request for reconsideration is **DENIED**.

15     **D.**    **Claim 9**

16       Just as in Claim 8, and for nearly the same reasons, Plaintiff complains that the Court's order
17 dismissing Claim 9 was error. He claims that he plead sufficient facts to state a claim although he seems
18 to concede that he did not plead that any defendant knew that Plaintiff had not had yard time while he
19 was in the SHU. (Doc. 17 at 11) Instead, Plaintiff urges the Court to imply facts that have not been
20 alleged.[2]

21       Moreover, the Magistrate Judge correctly notes that the amended complaint fails to specify which
22 defendant did, didn't do, or knew. Instead, the amended complaint speaks only in generalities. In fact,
23 he mentions Defendants Reeves, Torrez, Collier, Brown and Williams only to note that he requested

---

[2] For example, Plaintiff asserts that "Defendants knew" that he was on the SHU for two months and coupled with his request for additional clothing made to some of the Defendants, this should have caused them to conclude that he was not receiving yard time. However, Plaintiff must plead what each Defendant knew and allege facts to support that each Defendant *actually drew* the conclusion that Plaintiff advocates. See Farmer, 511 U.S. at 837.
    On the other hand, Plaintiff admits in his complaint that for much of the time period outlined in Claim 9, he had been issued thermal underwear. (Doc. 9 at 23) This undermines Plaintiff's assertion that all of the Defendants should have known that he had not had yard time.

from them additional clothing "on several occasions" without tying these requests to a constitutional deprivation. (Doc. 9 at 25) If, for example, facts were alleged that each of the Defendants made statements or took actions that demonstrated that each knew that Plaintiff had not had any yard time because of the lack of outerwear, the fact of Plaintiff's request for clothing would have significance. Without these additional facts, however, the amended complaint does not state a claim. Moreover, other than alleging that Defendants Brown and Williams are supervisors and that Yates was the warden, there are no allegations tying them to the denial of exercise time. Therefore, the request for reconsideration as to Claim 9, is **DENIED**.

### D. Claim 10

Though Plaintiff takes exception to the Magistrate Judge's order related to the amended complaint's failure to link the alleged deprivation to each defendant, he fails to demonstrate how the Court's order was incorrect. Moreover, he does not address the legal authority cited by the Court that the conditions, *even when considered collectively*, did not state an Eighth Amendment claim. (Doc. 14 at 19-20) Therefore, the request for reconsideration as to Claim 10, is **DENIED**.

### E. Claims 12, 14 and 15

Plaintiff argues that the Magistrate Judge's order regarding Claim 14 was incorrect because he told Defendant McBride in the presence of Defendants Redding and Franco that he thought that he had a broken ankle and could not walk. (Doc. 17 at 43) As correctly noted by the Magistrate Judge, there are insufficient facts to demonstrate that these Defendants *believed or had reason to believe* what Plaintiff said about his ankle but forced him to walk on it anyway. At most, this allegation amounts to negligence, not a violation of the Eighth Amendment.

For the same reason, Plaintiff's assertion that the fact that Redding "broke [Plaintiff's] ankle" but still made him walk on it assumes that Redding *knew* he broke Plaintiff's ankle at the time. The amended complaint's assertion that Redding knew he broke Plaintiff's ankle is conclusion, not a factual allegation.[3] Moreover, even the medical staff who evaluated Plaintiff soon after the incident did not believe that the ankle was fractured. (Doc. 9, Ex I) Instead, the LVN determined only that Plaintiff's

---

[3] It appears that much of Plaintiff's disagreement with the Magistrate Judge's order is that he does not agree with the Court's determination of what is a conclusion and what is a factual allegation. This disagreement insufficient to demonstrate that the Magistrate Judge's order was clearly erroneous.

5

ankle was a "Reddened Area" and was "Swollen" but did not find that there was a "Broken Bone." Id. Thus, the suggestion that Redding knew he fractured Plaintiff's ankle because he landed the blow that caused the break, is contradicted by the other evidence submitted with the amended complaint and is unsupported by pertinent factual allegations.

Likewise, Plaintiff's continued argument that being required to walk on grass and gravel states a claim ignores the standards for pleading a constitutional deprivation. In Iqbal, the Court held,

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

129 S.Ct. 1937, 1949. The Court instructed, "Determining whether a complaint states a plausible claim for relief will . . . be a context specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Here, the Magistrate Judge properly determined that being required to walk on grass and gravel while barefoot, does not rise to a plausible claim of excessive force under the Eighth Amendment.

Therefore, the request for reconsideration as to Claims 12, 14 and 15 is **DENIED**.

**F.    Claims 16**

Plaintiff argues that the Magistrate Judge incorrectly dismissed Claim 16 because he contends that sufficient facts were alleged. In support of this position, Plaintiff provides additional detail about the size of the cell in which he was held, which makes clear that there was no room for him to do anything other than stand. (Doc. 17 at 17) Though the amended complaint set forth the approximate size of the cell, it did not clarify that the cell's "bars" or "gate" did not allow for Plaintiff to stick his leg through. Likewise, Plaintiff explains that the cell is so small that it is designed to force an inmate to stand and, given the size of the cell, the inmate cannot even lean against one side.[4] This is a different set of facts from those in Plaintiff's amended complaint in which Plaintiff alleged that an inmate *can* sit

---

[4] However, these assertions seem inconsistent with the allegation in the amended complaint that Nurse Hall was able to see Plaintiff's ankle sufficiently to examine it sufficiently to form the opinion that the ankle was broken. Additional detail explaining how both of these things may be true–the size of the cell being so small that Plaintiff could not extend his leg but were sufficient for Nurse Hall to conduct a sufficient examination. (Doc. 9 at 44)

6

in the cell though it is difficult to lower oneself into a sitting position. (Doc. 9 at 44) The additional information provided in the request for reconsideration, is *exactly* the type of additional factual allegation that the Magistrate Judge indicated was needed to state a claim.

Plaintiff also argues that he was not a threat to anyone in the medical clinic, despite that he had beaten two other inmates just before being placed in the cage. (Doc. 17 at 18) He reports that he was a threat only to prospective cell mates, as demonstrated by the fact that the two inmates he had just beaten were identified as prospective cell mates. Id. However, he must plead that the Defendants knew or had reason to know that the violence he had just perpetrated would not be directed toward anyone else. The fact that Plaintiff knew that he would not violently attack anyone in the clinic is not sufficient to demonstrate that Defendants McBride and Herrera knew this.[5]

Therefore, the request for reconsideration as to Claim 16 is **DENIED**.

### G.     Claim 17

*Nurse Hall*

Plaintiff reiterates that he was not given medical attention despite that he was seen by a Nurse within minutes of the use of force by the correctional officers. (Doc. 17 at 18-19) Despite the allegation of the amended complaint, that Nurse Hall examined Plaintiff sufficiently to observe the swelling of the ankle and to opine that he needed x-rays and to elevate his foot (Doc. 9 at 44), he complains that he should have been given different or additional treatment by her. However, the facts alleged raise only a disagreement with the medical professional as to the nature of the care given. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981)("A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim.") A plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted) Therefore, the amended complaint does not state a claim. Alternatively, the amended complaint contradicts the obviousness of the injury at the time. (Doc. 9, Exs. I, J)

---

[5] Again, it is insufficient to plead that the Defendants knew this– this is a conclusion. Plaintiff must plead what the Defendants did or said that supports a conclusion that they knew this.

7

On the other hand, Plaintiff seems to argue that Nurse Hall should have bandaged his wound and should have taken other action related to his ankle.  However, Plaintiff has not plead a medical negligence case; he has alleged a violation of the Eighth Amendment.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) ("While poor medical treatment will at a certain point rise to the level of constitutional violation, mere malpractice, or even gross negligence, does not suffice.") Notably, the Magistrate Judge properly observed that the cut on Plaintiff's leg, as it was described in the amended complaint, is not a serious medical condition for purposes of Eighth Amendment analysis.  McGuckin v. Smith, 974 F.2d 1050, 1059-1060 (9th Cir.1992) (a serious medical condition is one that affects an individual's daily activities, or causes chronic and substantial pain.)  Moreover, the reasons set forth in the Magistrate Judge's order are not clearly erroneous.

*Defendants McBride and Herrera*

Plaintiff argues that the complaint should not have been dismissed against Defendants McBride or Herrera.  However, the Magistrate judge properly determined that the amended complaint failed to state sufficient facts to support claims against these Defendants.  There are no facts alleged that either McBride or Herrera knew that Plaintiff was not provided sufficient medical attention or medical devices, the method by which he was taken to his cell or the failure of the medical staff to provide him follow-up medical care.[6]  Instead, the complaint alleges, at most, that these Defendants knew that Plaintiff's ankle was broken.  This is insufficient to state a claim.

Therefore, the request for reconsideration as to Claim 17 is **DENIED**.

### H. Claim 20 Against Defendant Coleman

Plaintiff argues that he has stated a claim against Defendant Coleman because he believes he has alleged sufficient facts.  However, the Court's review of the Magistrate Judge's order demonstrates that there are significant factual omissions in the amended complaint.  Once again, if Plaintiff was asserting a claim for medical negligence, the allegations set forth might be enough.  In particular, Plaintiff's argument that Coleman had a duty to review Plaintiff's medical chart, had a duty to schedule follow-up

---

[6] Though Plaintiff argues, as he did in his amended complaint, that McBride and Herrera had to have been given a medical report given that they were "ranking officers," this does not provide any information about what data was contained on the report. (Doc. 17 at 21; Doc. 9 at 46)  Notably, Plaintiff alleges that the only medical person who saw him before May 5, 2006 was from Hall who he argues, provided "no medical attention" at all.  (Doc. 17 at 19)  Thus, the information that McBride and Hall could have received from this report is unclear.

8

appointments and to do so in a timely fashion and to ensure that satisfactory orthopedic shoes are ordered and received, all speak to negligent conduct. However, the Court agrees that there is insufficient factual matter in the amended complaint to demonstrate that any of these actions were taken with deliberate indifference. It is not enough to merely conclude that she acted with deliberate indifference; the complaint must allege facts that would support such a conclusion.

Therefore, the request for reconsideration as to Claim 20 as to Defendant Coleman is **DENIED**.

### I. Claims 18, 19 and 20 Against Defendants Benyamin and Ferro and Claim 21 against Defendant Benyamin[7]

Plaintiff objects to the dismissal of the claims against Defendants Benyamin and Ferro related to their failure to ensure that Plaintiff received assistive medical devices. (Doc. 17 at 22-23) He seems to reiterate that the doctors were obligated to provide him these devices based upon their instruction to him that he keep his leg elevated and that he was not to put weight on his ankle. He dismisses the failing of his amended complaint, which demonstrates that whether an inmate receives assistive devices is a determination made by a committee. In doing so, he explains the circumstances under which the committee makes these decisions. However, once again, this information is not alleged in the complaint.

Moreover, even assuming that the doctors had a duty to ensure that Plaintiff received assistive devices, the complaint does not state a violation of the Eighth Amendment because it fails to provide factual allegations that would support a conclusion that these omissions were made with deliberate indifference. Because, once again, at most, Plaintiff has alleged medical negligence, he has not stated a claim in this regard.

Therefore, the request for reconsideration as to Claims 18, 19 and 20 as to Defendants Benyamin and Ferro and Claim 21 against Defendant Benyamin is **DENIED**.

### J. Claims 20 and 21[8] Against Defendant Roberts

Plaintiff complains that Roberts, though she was the triage nurse, failed to ensure that his cast was removed in a timely fashion. (Doc. 17 at 24) However, the amended complaint makes clear that

---

[7] Though Plaintiff complains about all of the Court's rulings related to Benyamin and Ferro, he did not offer any argument as to Claim 20. Therefore, he has failed to demonstrate that the Magistrate Judge's order was clearly erroneous.

[8] Though Plaintiff complains about all of the Court's rulings related to Coleman, he did not offer any argument as to Claim 21. Therefore, he has failed to demonstrate that the Magistrate Judge's order was clearly erroneous.

9

1  Roberts received and processed Plaintiff's health care request reminding medical staff that it was time
2  to remove his case and reporting that he had not received his follow-up orthopedic appointment. (Doc.
3  9 at 54) In response, Roberts notified Plaintiff that she would "notify Dr. Ferro." Id. Nevertheless, the
4  cast was not removed for nearly three weeks. Id. These bare facts are insufficient to demonstrate that
5  Roberts violated Plaintiff's Eighth Amendment rights.
6      Therefore, the request for reconsideration as to Claims 20 and 21 as to Defendant Roberts is
7  **DENIED**.

### K.      Claims 18 and 19 Against Defendant Reeves

9       Plaintiff complains that he stated sufficient facts to state a claim against Reeves for failing to
10 provide him materials to elevate his leg and to provide him assistive medical devices. (Doc. 17 at 24-25)
11 However, the only fact alleged related to Reeves' knowledge about the need for Plaintiff to elevate his
12 leg was that Plaintiff told him this. (Doc. 9 at 50) There are no facts alleged that Reeves actually
13 believed what Plaintiff told him but refused to provide materials to elevate the leg. Though Plaintiff
14 alleges that Reeves saw that Plaintiff's ankle was swollen, there are no facts alleged that Reeves
15 understood this to mean that the leg should be elevated even coupled with the information from Plaintiff.
16 Moreover, the amended complaint makes clear that custodial staff was not told by medical staff that
17 Plaintiff's leg needed to be elevated and, in fact, once they were told, Plaintiff was provided the
18 materials to use to elevate his leg and the crutches. (Doc. 9 at 50)
19      On the other hand, once again, the attachments to the complaint make clear that a committee, not
20 doctors or custodial staff, determined what, if any, assistive devices–including canes, crutches, extra
21 mattresses, etc.– an inmate would receive. (Doc. 9, Exs. Q, S)  Plaintiff contradicts the attachments to
22 his amended complaint here when he argues that, "This is true only for non-emergency longterm [sic]
23 uses of a cane . . . " (Doc. 17 at 23) However, this information is not alleged in the amended complaint.
24 In any event, the fact that Reeves had not been given medical authorization to provide materials to
25 elevate the leg, a cane or crutches but Plaintiff received the materials and crutches as soon as medical
26 authorization *was* given, undermines Plaintiff's argument that Reeves acted with deliberate indifference.
27 More importantly, there are no factual allegations in the amended complaint that Reeves acted with
28 deliberate indifference other than the bare conclusion.

1      Therefore, the request for reconsideration as to Claims 18 and 19 as to Defendant Reeves is
2 **DENIED**.

### CONCLUSION

     Except as to Claim 6, Plaintiff has not shown that the Magistrate Judge's findings and conclusions are clearly erroneous or contrary to law. As to Claim 6, the Court will authorize Plaintiff to amend this claim in addition to those allowed by the Magistrate Judge, if he chooses.

     Thus, as set forth in the Magistrate Judge's order, Plaintiff may elect to have the First Amended Complaint served on Defendants Trimble, Williams, Brown, Reeves, Redding, Franco, Lee, Tucker and Dishman. Alternatively, Plaintiff may delay service and file a Second Amended Complaint, attempting to cure the deficiencies identified by the Court in this order and the Magistrate Judge's order dated January 27, 2011. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted).

     If Plaintiff elects to file an amended complaint, he is cautioned that he may not change the nature of this suit by adding new and unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff is advised also that once he files an amended complaint, his original pleadings are superceded and no longer serve any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, the amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. "All causes of action alleged in an original complaint which are not [re-]alleged in an amended complaint are waived." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).

     **Plaintiff is firmly cautioned** that according to Fed. R. Civ. P. Rule 8, any amended complaint must be a concise, "short and plain statement of the facts." On its face, the First Amended Complaint which is made up of 190 paragraphs and 88 pages, including exhibits, is neither short nor plain and, therefore, does not comply with Rule 8. Hollis v. York, 2011 U.S. Dist. LEXIS 94585 at 3 (E.D. Cal. Aug. 24, 2011) (A 34-page complaint with 34 pages of exhibits "that lists multiple unrelated incidents and contains legal argument" violates Rule 8); Palmer v. Woodford, 2011 U.S. Dist. LEXIS 93339 at *33 (E.D. Cal. Aug. 19, 2011) (a long complaint that contains unrelated claims violates Rule 8);

Coleman v. Dir. of Corr. & Rehab., 2010 U.S. Dist. LEXIS 133761 at *6 (E.D. Cal. Nov. 30, 2010)(same); Simmons v. Akanno, 2010 U.S. Dist. LEXIS 138548 at *8 (E.D. Cal. Dec. 7, 2010) (A 33-page complaint with 53 pages of exhibits violates Rule 8); Knapp v. Cate, 2010 U.S. Dist. LEXIS 98997 at *5-6 (E.D. Cal. Sept. 7, 2010) (A 26-page complaint with 60 pages of exhibits violates Rule 8).

**ORDER**

Accordingly, **IT IS HEREBY ORDERED**:

1. As to Claim 6, Plaintiff's motion for reconsideration is **GRANTED** and Plaintiff is authorized to amend this claim;

2. As to all remaining claims and arguments, Plaintiff's motion for reconsideration is **DENIED**;

3. Plaintiff's request for reassignment of the case is **DENIED**;

4. Within 20 days from the date of service of this order, Plaintiff shall either:

    a. Notify the Court in writing that he wishes to serve the First Amended Complaint on Defendants Trimble, Williams, Brown, Reeves, Redding, Franco, Lee, Tucker and Dishman as outlined in the Court's order dated January 27, 2011 (Doc. 14); or

    b. File a Second Amended complaint attempting to cure the deficiencies identified by the Court in this order and in the Magistrate Judge's order dated January 27, 2011; and

5. **Plaintiff is cautioned that failure to comply with this order will result in the dismissal of this case. See Fed. R. Civ. P. 41(b).**

IT IS SO ORDERED.

Dated:   February 24, 2012

CHIEF UNITED STATES DISTRICT JUDGE