IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHRISTOPHER HARBRIDGE, | ) | Case No. 1:10-cv-00473 AWI JLT (PC) |
| Plaintiff, | ) ) | ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND |
| vs. | ) ) | |
| JAMES A. YATES, et al., | ) | (Doc. 17) |
| Defendants. | ) ) | |

Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to the Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 302. On February 24, 20102, the Magistrate Judge ordered Plaintiff to file either a Second Amended Complaint or notify the Court of his willingness to proceed on the cognizable claims. Pending before the Court is Plaintiff's Second Amended Complaint ("SAC").[1]

///
///
///

---

[1] Plaintiff filed his original complaint and initiated this action on March 16, 2010. Before the Court had the opportunity to screen the complaint in accordance with 28 U.S.C. § 1915(A), Plaintiff filed an amended complaint on May 3, 2010. Because Plaintiff may amend his pleadings as a matter of right before service of a responsive pleading, see Fed. R. Civ. P. 15(a), the Court disregarded the original complaint and previously evaluated Plaintiff's First Amended Complaint for screening purposes.

1

## I. SCREENING REQUIREMENT

The Court is required to review matters filed by prisoners against government defendants. 28 U.S.C. § 1915(A)(a). The Court must dismiss the action or portion thereof, if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2).

### A. Section 1983

To plead a § 1983 violation, the plaintiff must allege facts from which it may be inferred that (1) plaintiff was deprived of a federal right, and (2) the person who deprived plaintiff of that right acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989). To warrant relief under § 1983, the plaintiff must allege and show that the defendants' acts or omissions caused the deprivation of the plaintiff's constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." (Id.) There must be an actual causal connection or link between the actions of each defendant and the deprivation alleged to have been suffered by the plaintiff. *See* Monell v. Dept. of Social Services, 436 U.S. 658, 691-92 (1978) (citing Rizzo v. Goode, 423 U.S. 362, 370-71(1976)).

### B. Rule 8(a)

To determine whether a complaint states a claim, the Court looks to the pleading standards under Federal Rule of Civil Procedure 8(a). Plaintiff's Section 1983 complaints are governed by the notice pleading standard in Federal Rule of Civil Procedure 8(a). Rule 8(a) provides in pertinent part: "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." If the Court determines the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc). The Federal Rules of Civil Procedure adopt a flexible pleading policy. Nevertheless, a complaint must give fair notice and state the elements of the plaintiff's claim plainly and succinctly. *See* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

For the reasons set forth below, Plaintiff's SAC is **DISMISSED** with leave to amend for failure to comply with Rule 8(a).

## II.   THE SECOND AMENDED COMPLAINT

Plaintiff's SAC raises a number of claims that span the course of three months and stem from his placement in Administrative Segregation ("Ad Seg") at Pleasant Valley State Prison. For the reasons more thoroughly described in Part III. below, the Court does not detail each allegation in the SAC but provides the following general overview of Plaintiff's allegations.

Plaintiff contends that his refusal to accept a cell mate and his threats to harm any proposed cell mate did not warrant a decision by members of the Institutional Classification Committee ("ICC") to place him in Ad Seg and to require him to remain there for approximately 60 days. (Doc. 22, at 5-10). Plaintiff contends that ICC members, defendants Trimble, Williams, Brown, Reeves, violated his rights under the Eighth Amendment when they placed Plaintiff on management status and made Plaintiff endure "freezing" temperatures in his Ad Seg cell for a 24-hour period. (Id.).

While in Ad Seg, Plaintiff also alleges he did not timely receive his acid reflux medications and was essentially deprived of outdoor exercise because defendants refused to provide him with proper outerwear for the weather conditions outside. (Id. at 10-13.)

Plaintiff remained in Ad Seg until May 2009. (Id. at 12). As soon as he was released from Ad Seg and placed with a cell mate, he initiated two separate fights with respectively assigned cell mates, as he had previously threatened to do. (Id. at 14-24). Plaintiff claims that after both fights, officers used excessive force to subdue him and transfer him out of the cell; thereby causing injury to his back, wrist, and ankle. (Id.)

Additionally, Plaintiff alleges medical staff was deliberately indifferent to his medical needs and failed to properly treat the injuries he sustained following the altercations with the cell mates. (Id. at 24-47).

## III.   DISCUSSION

Plaintiff was firmly cautioned in the Court's February 24, 2012 order regarding Plaintiff's Motion for Reconsideration that any amended Complaint must be a concise, "short and plain statement of the facts" in accordance with Rule 8(a). The Court informed Plaintiff that his First Amended

Complaint, which contained 190 paragraphs and 88 pages, including exhibits, was neither short nor plain and, therefore, did not comply with Rule 8. (Doc. 20, at 11-12).

In its prior order, the Court cited several cases to emphasize to Plaintiff that many other cases –with complaints much shorter in length than his FAC–had been found to violate Rule 8 (Id.): *see* Hollis v. York, 2011 U.S. Dist. LEXIS 94585 at 3 (E.D. Cal. Aug. 24,2011) (A 34-page complaint with 34 pages of exhibits "that lists multiple unrelated incidents and contains legal argument" violates Rule 8); Palmer v. Woodford, 2011 U.S. Dist. LEXIS 93339 at *33 (E.D. Cal. Aug. 19, 2011) (a long complaint that contains unrelated claims violates Rule 8); Coleman v. Dir. of Corr. & Rehab., 2010 U.S. Dist. LEXIS 133761 at *6 (E.D. Cal. Nov. 30, 2010)(same); Simmons v. Akanno, 2010 U.S. Dist. LEXIS 138548 at *8 (E.D. Cal. Dec. 7, 2010) (A 33-page complaint with 53 pages of exhibits violates Rule 8); Knapp v. Cate, 2010 U.S. Dist. LEXIS 98997 at *5-6 (E.D. Cal. Sept. 7, 2010) (A 26-page complaint with 60 pages of exhibits violates Rule 8).

Although Plaintiff here eliminated seven of the 21 claims that were in his FAC, his SAC is still remarkably 20 pages longer than his FAC. (Docs. 9 and 22). Plaintiff's SAC, which spans 102 pages, including a 48 page complaint and 54 pages of exhibits, is clearly neither short nor plain, as Rule 8(a) requires. (Doc. 22). Plaintiff's SAC, especially in claims 12-14, and 15-21, spends several pages repeating the same set of facts for nearly identical claims. (Doc. 22, at 13-47). Complaints that are tediously prolonged and redundant, as Plaintiff's is here, do not meet Rule 8's requirement of simplicity, directness and clarity. Yeager v. City of San Diego, 2007 U.S. Dist. LEXIS 40381, 33-39 (S.D. Cal. June 1, 2007) (citing McHenry v. Renne, 84 F.3d 1172 (9th Cir. 1996). Because Plaintiff failed to follow the Court's directive and decided to disregarded the short and plain statement required by Rule 8, his SAC is subjected to dismissal. (Id. (citing Corcoran v. Yorty, 347 F.2d 222 (1965), cert. den. 382 U.S. 966, 86 S. Ct. 458, 15 L. Ed. 2d 370 (1966) (complaint which is so verbose, confused, and redundant that its true substance was disguised was properly dismissed); Hatch v. Reliance Ins. Co., 758 F.2d 409 (9th Cir. 195), cert. denied, 474 U.S. 1021, 106 S. Ct. 571, 88 L. Ed. 2d 555 (1985) (confusing and conclusory complaint exceeding 70 pages with attachments, was subject to dismissal for want of a short and plain statement of the claim); McHenry v. Renne, 84 F.3d 1172, (9th Cir. 1996) (after the Court allowed repleading twice, a 53 page third amended complaint was properly dismissed with prejudice for violation

of general pleading rules and court's prior orders); Washington v. Baenziger, 656 F.Supp. 1176, 1177 (N.D. Cal. 1987) (determining that 86 page-long complaint that contained 33 causes of action against 21 defendants could be dismissed for failure to contain short and plain statement); Harrell v. Directors of Bureau of Narcotics & Dangerous Drugs, 70 F.R.D. 444 (E.D. Tenn. 1975) (pro se complaint dismissed under Rule 12(b)(6) where court is unable to ascertain to proper degree the identity of parties plaintiff seeks to make defendants and the claim being pursued). While the district judge should first consider less drastic alternatives, the Court "need not exhaust them all before finally dismissing a case." *See* Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981).

Rather than repeat the format Plaintiff used in the FAC and SAC, Plaintiff would be better served by simply describing the events that occurred after March 8, 2006 one time–at the outset of the complaint–and then listing the alleged claims against each defendant. Plaintiff's *single* description of the events should include only the relevant facts that give rise to the Eighth Amendment violations while setting forth the wrongful actions of each named defendants. Because Plaintiff has not complied with Rule 8(a), the Court declines to expend its already taxed resources to attempt to sort through his claims again. In the paragraphs that follow, the Court will provide Plaintiff with the legal standards that appear to apply to his claims. Plaintiff should carefully review the standards set forth below and the Court's prior analysis of these issues and amend only those claims that he believes, in good faith, are cognizable.

## IV.    LEGAL STANDARDS

### A.    Eighth Amendment - Conditions of Confinement

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994)). To plead a viable conditions of confinement claim, a plaintiff must allege facts satisfying both an objective and subjective component. *See* Wilson v. Seiter, 501 U.S. 294, 298 (1991).

First, a plaintiff must demonstrate an objectively serious deprivation, one that amounts to a denial of "the minimal civilized measures of life's necessities." Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996) (quoting Rhodes v. Chapman, 452 U.S. 337, 346 (1981)). The Eighth Amendment's prohibition on cruel and unusual punishment "'does not mandate comfortable prisons,' and conditions imposed may

be 'restrictive and even harsh.'" Barney v. Pulsipher, 143 F.3d 1299, 1311 (10th Cir. 1998) (quoting Rhodes v. Chapman, 452 U.S. at 347. Instead the facts must demonstrate "conditions posing a substantial risk of serious harm." Farmer, 511 U.S. at 834.

Minor deprivations suffered for short periods of time will not rise to the level of an Eighth Amendment violation but "substantial deprivations of shelter, food, drinking water, and sanitation" may meet the standard despite their even shorter duration. Johnson v. Lewis, 217 F.3d 726, 732 (9th Cir. 2000); *see also* Whitnack v. Douglas County, 16 F.3d 954, 958 (8th Cir. 1994) ("the length of time required before a constitutional violation is made out decreases as the level of filthiness increases.").

Second, a plaintiff must show that prison officials acted with a sufficiently culpable state of mind, that of "deliberate indifference." Wilson, 501 U.S. at 303; Johnson, 217 F.3d at 733. In other words, a prison official is liable for inhumane conditions of confinement only if "the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

### 1. Management Status

This Court has determined that placing an inmate in management status does not offend the Eighth Amendment. In Loeb v. Felker, 2007 U.S. Dist. LEXIS 14280 at *14-15 (E.D. CA 2007), the Court held,

> California's regulations permit prison officials to place a prisoner on management cell status if he persists in disruptive, destructive or dangerous behavior (i.e. cell extraction, refusal to exit the yard, etc.). While on management status, a prisoner receives one t-shirt, one pair of socks, one pair of boxer shorts, and one blanket. He also may be denied yard access. While plaintiff argues that these conditions are harsh, they are not sufficiently serious to be violative of the Eighth Amendment. Johnson v. Lewis, 217 F.3d at 732. Plaintiff was on management cell status for relatively short periods of time to address his refusals to follow orders, and the limited duration of those time periods counsels against finding an Eighth Amendment violation. Id. The measures taken to respond to each of plaintiff's episodes of disruptive behavior were reasonable. On the evidence presented here, no reasonable jury could find in plaintiff's favor on this claim.

(Id.)

### 2. Supervisor Liability

There is no respondeat superior liability under 42 U.S.C. § 1983. Palmer v. Sanderson, 9 F.3d 1433, 1437-38 (9th Cir. 1993); Monell, 436 U.S. at 691 (the supervisor of someone who allegedly

6

violated a plaintiff's constitutional rights is not made liable for the violation by virtue of that role). "Liability under § 1983 arises only upon a showing of personal participation by the defendant. (Citation.) A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. Recently, the Supreme Court rejected that a supervisor can be held liable for his mere "knowledge and acquiescence" in unlawful conduct by his subordinates. Ashcroft v. Iqbal, 129 S. Ct. at 1949. The Court held,

> . . . respondent believes a supervisor's mere knowledge of his subordinate's discriminatory purpose amounts to the supervisor's violating the Constitution. We reject this argument. Respondent's conception of "supervisory liability" is inconsistent with his accurate stipulation that petitioners may not be held accountable for the misdeeds of their agents. In a § 1983 suit or a Bivens action--where masters do not answer for the torts of their servants--the term "supervisory liability" is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct.

Id., emphasis added.

### B.  Eighth Amendment - Excessive Force Claims

A prison official's use of excessive force violates the Eighth Amendment prohibition against cruel and unusual punishment. Clement v. Gomez, 298 F.3d 898, 903 (9th Cir.2002). "Force does not amount to a constitutional violation in this respect if it is applied in a good faith effort to restore discipline and order and not 'maliciously and sadistically for the very purpose of causing harm.'" Id. (quoting Whitley v. Albers, 475 U.S. 312, 320-21 (1986)). To make this determination, the Court may evaluate "the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' . . . 'any efforts made to temper the severity of a forceful response'" and the extent of any injury inflicted. Hudson v. McMillian, 503 U.S. 1, 7 (1992). "'To state a claim for failure to intervene, Plaintiff must allege circumstances showing that these officers had an opportunity to intervene and prevent or curtail the violation (e.g., enough time to observe what was happening and intervene to stop it), but failed to do so.'" Gonzales v. Cate, 2010 U.S. Dist. LEXIS 100446, 2010 WL 3749236, *3 (E.D. Cal., 2010) (citing Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir.1995)).   Lanier v. City of Fresno, 2010 U.S. Dist. LEXIS 130459 (E.D. Cal. Dec. 8, 2010).

### C. Eighth Amendment - Indifference to Medical Care

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs."' Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)). Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994).

## V. THIRD AMENDED COMPLAINT

One final time, Plaintiff will be given leave to file a third amended complaint to cure the deficiencies in his SAC. Plaintiff is advised that the failure to comply with the Local Rules, the Federal Rules of Civil Procedure, and the Court's orders will result in Plaintiff's third amended complaint being dismissed without leave to amend. Plaintiff is further warned that continued failure to take meaningful steps to obey the Court's orders will result in this action being dismissed for failure to obey a court order. See Local Rule 110.

In his third amended complaint, Plaintiff shall state concisely and as briefly as possible the facts of his case one time, from beginning to end, and shall not repeat the facts for every constitutional claim. Plaintiff should include only the relevant facts that give rise to the violations alleged against the named defendants. Plaintiff's facts should describe the actions of each defendant, and Plaintiff shall not make any legal arguments or legal authorities. Plaintiff should be able to accomplish task within a minimum of pages.

## VI. CONCLUSION AND ORDER

For the reasons stated, Plaintiff is granted leave to file a third amended complaint within thirty days. If Plaintiff elects to file an amended complaint, he is cautioned that he may not change the nature of this suit by adding new and unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff is advised also that once he files an amended complaint, his

8

original pleadings are superceded and no longer serve any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, the amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. "All causes of action alleged in an original complaint which are not [re-]alleged in an amended complaint are waived." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).

**Plaintiff is firmly cautioned that according to Fed. R. Civ. P. Rule 8, any amended complaint must be a concise, "short and plain statement of the facts."**

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Second Amended Complaint is DISMISSED with leave to amend for failure to comply with Rule 8(a);
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and
4. **Plaintiff is cautioned that failure to comply with this order will result in the dismissal of this case. See Fed. R. Civ. P. 41(b).**

IT IS SO ORDERED.

Dated:   **April 3, 2012**               /s/ Jennifer L. Thurston
                                         UNITED STATES MAGISTRATE JUDGE

9