IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER HARBRIDGE,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>JAMES A. YATES, et al.,<br><br>　　　　　Defendants. | Case No. 1:10-cv-00473 AWI JLT (PC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS CERTAIN CLAIMS**<br><br>(Doc. 28). |

Plaintiff is proceeding pro se and in forma pauperis with a civil action pursuant to 42 U.S.C. § 1983. On November 27, 2012, the Magistrate Judge issued Findings and Recommendations dismissing certain claims. Specifically, the Magistrate Judge recommended that claims 6, 9, 17 (as to Herrera only), claim 20, and all claims not brought under the Eighth Amendment be dismissed.[1] The Findings and Recommendations stated that any objections could be filed within fourteen days. On December 13, 2013, Plaintiff filed a request for reconsideration of the November 27, 2012 order. Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the court considers Plaintiff's December 13, 2012 filing as objections.

---

[1] There are two typographical errors on page 23 of the Findings and Recommendations: Paragraph 4 should state that claim 17 is dismissed and paragraph 11 should only refer to Defendants Hall, Lee, and Tucker. The body of the Magistrate Judge's Findings and Recommendations make clear that claim 17, as to Herrera, was to be dismissed. Claim 10 was not discussed in the Findings and Recommendations and Defendant McBride was removed as a Defendant from claim 17 in Plaintiff's SAC.

The Findings and Recommendations issued by the Magistrate Judge explained the reasons for the rulings as follows:

In claim 6, Plaintiff failed to sufficiently plead facts to demonstrate that the nurse who obtained Plaintiff's request to refill his Prilosec prescription, while he was in Administrative Segregation, exhibited deliberate indifference when she scheduled Plaintiff to be seen by a physician for the refill in two weeks and when she did not obtain an over-the-counter substitute for Plaintiff on her own accord.  Plaintiff merely alleges that the nurse should have provided him with the over the counter medication (even though he did not request it) and that her failure to do so sufficiently demonstrates her deliberate indifference.

In claim 9, Plaintiff failed to plead facts to state a claim for supervisor liability i.e. Plaintiff failed to state facts to show that Yates developed a specific policy that denied inmates proper attire for yard time, that Yates directed his staff to withhold adequate clothing for inmates, or that Yates knew the inmates were being denied yard time as a result of inadequate clothing during colder weather.  Plaintiff admits that he cannot identify the policy that permits such actions by correctional staff, but alleges that Yates has individual responsibility because Yates authored and implemented the operational policies.

In claim 17, Plaintiff failed to allege facts to show that Herrera knew that Plaintiff's medical care had been delayed or that Plaintiff was not receiving medical care.  Plaintiff merely alleges Herrera was aware of an injury and housed him in a cell where medical personnel did not timely render care.

In claim 20, Plaintiff's allegations that the nurse failed to ensure that the doctor timely removed Plaintiff's splint, that the doctor did not timely remove the splint, and that Yates, as the Warden, did not ensure Plaintiff's medical care was timely did not constitute deliberate indifference.

Additionally, the Magistrate Judge explained that Plaintiff could not proceed on any state law claims, as he failed to plead compliance with the California Tort Claims Act.

Plaintiff submitted objections to the Findings and Recommendations on December 11, 2012. (Doc. 29). However, each of the arguments set forth in Plaintiff's objections anr addressed in the Magistrate Judge's findings and recommendations.[2]

As to Claim 6, Plaintiff sets forth the same arguments described above and in his pleading; namely, that the nurse's failure to provide an over-the-counter substitute, without more, demonstrates deliberate indifference. The Findings and Recommendations address this issue and point out that Plaintiff does not plead that he requested the over-the-counter medication or that the nurse knew of his need for the substitute medication and purposefully chose not to provide it. (Doc. 28 at 12).

As to Claim 9, Plaintiff argues that his claim does not allege supervisor liability; rather it alleges direct liability for Yates' promulgation of all operational procedures. However, Plaintiff admits that he doesn't know if there is a policy to deprive inmates of proper outerwear, as he does not have access to the institutions operational procedures. (Doc. 22 at 13; Doc. 29 at 5).

As to Claim 17, Plaintiff argues that his allegations that Herrera placed him in a secluded cell are sufficient to demonstrate Herrera's deliberate indifference to Plaintiff's medical need. However, as pointed out by the Findings and Recommendations, Plaintiff did not establish that Herrera knew Plaintiff was not receiving medical care.

As to Claim 20, Plaintiff argues that the mere fact that his splint remained on his foot longer than the doctor had previously indicated sufficiently demonstrates deliberate indifference by the nurse, the doctor, and the Warden. The Magistrate Judge addressed these issues in the Findings and Recommendations by explaining that Plaintiff failed to plead facts to show that the delay in removing the splint was purposeful.

Finally, Plaintiff asserts that the Court's ability to assume supplemental jurisdiction over all other non-federal claims allows him to proceed on the California state law claims set forth in his SAC. In doing so, Plaintiff fails to recognize that this Court applies state law to state law

---

[2] Plaintiff also objects to the Magistrate Judge's citation to district court cases. However, upon review of the Findings and Recommendations, the Magistrate Judge does not cite to those opinions in supporting her ruling on the dismissed claims. Plaintiff also points out the typographical errors previously addressed in footnote 1 of this order.

claims. Thus, Plaintiff's failure to comply or plead compliance with the California Tort Claims Act prevents him from proceeding with litigation of such claims in this Court.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C) and <u>Britt v. Simi Valley United School Dist.</u>, 708 F.2d 452, 454 (9th Cir. 1983), this Court has conducted a de novo review of the case. Having carefully reviewed the entire file, including the issues discussed above, the Court finds that the findings and recommendations are supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. With the exception of the typographical errors described in footnote 1 of this order; the Findings and Recommendations filed November 27, 2012, are **ADOPTED IN FULL**;

2. Claim 6 is DISMISSED WITHOUT PREJUDICE;

3. Claim 9 is DISMISSED WITHOUT PREJUDICE;

4. Claim 17, as to Defendant Herrera only, is DISMISSED WITHOUT PREJUDICE;

5. Claim 20 is DISMISSED WITHOUT PREJUDICE; and

6. All claims set forth in Plaintiff's Second Amended Complaint which were not brought under the Eighth Amendment are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated:   February 20, 2013

SENIOR DISTRICT JUDGE