# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER HARBRIDGE, | Case No.: 1:10-cv-00473 - AWI - JLT (PC) |
| Plaintiff, | ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER |
| v. | |
| JAMES YATES, et al., | |
| Defendants. | |

Christopher Harbridge ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. On November 27, 2012, the Court issued an order authorizing service of Plaintiff's Second Amended Complaint and directing Plaintiff to complete the Notice of Submission of Documents. (Doc. 28 at 24). Specifically, Plaintiff was ordered to submit the following documents:

    a.      One completed summons for each defendant;

    b.      One completed USM-285 form for each defendant; and

    c.      17 copies of the Second Amended Complaint filed March 19, 2012.

*Id.* The Court ordered Plaintiff to file the above documents within twenty-one days of the date of service, or no later than December 21, 2012. *See id.* However, to date, Plaintiff has failed to comply with the Court's order. Importantly, the Court is unable to move forward in the action without the documents necessary for service upon the defendants.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is **ORDERED** to show cause **within fourteen days** of the date of service of this Order why the action should not be dismissed for his failure comply with the Court's order, or in the alternative, to complete and file the documents required, as explained in the USM-Instructions issued November 27, 2012.

IT IS SO ORDERED.

Dated:   **February 21, 2013**          **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE

2