UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER HARBRIDGE,<br><br>    Plaintiff,<br><br>    v.<br><br>YATES, et al.,<br><br>    Defendants. | Case No.: 1:10-cv-00473 – AWI – JLT (PC)<br><br>**ORDER GRANTING IN-PART DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER CONCERNING DEADLINE TO FILE MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A FOURTEEN-DAY EXTENSION TO FILE MOTION TO DISMISS**<br><br>(Doc. 46) |

Plaintiff is a state prisoner proceeding *pro se* with a civil rights action pursuant to 42 U.S.C. § 1983. Defendants Defendants Brown, Franco, Hall, Herrera, Lee, McBride, Redding, Reeves, Singleton, Trimble, and Tucker (collectively "Defendants") presently request a second extension of time to file their motion to dismiss for failure to exhaust administrative remedies. (Doc. 46). Specifically, Defendants request up to and including January 9, 2014, to file their motion to dismiss. Id. at 1. In the alternative, Defendants seek a 14-day extension of the current deadline to file their motion to dismiss.

Previously, defense counsel reported that she "was required to put the motion aside to meet deadlines in her other cases, including trial related matters" and had "not received the declaration from the Director of Office of Appeals to support the motion." (Doc. 44 at 2). Now, defense counsel

indicates that she has "learned that the Appeals Coordinator at Pleasant Valley State Prison (PVSP), where the events giving rise to this lawsuit occurred, has been and will be on vacation through September 20, 2013, returning September 23." (Doc. 46 at 2). Defense counsel further requests that she be permitted to conduct discovery to determine whether Plaintiff exhausted his administrative remedy. Id. at 2-3.

Exactly why defense counsel needs to conduct discovery concerning Plaintiff's exhaustion of his administrative remedies is unclear. Presumably, Plaintiff's entire administrative file lies within the CDCR's or PVSP's possession, as it has with every other matter brought before this Court. Nonetheless, the Court will grant Defendants up to and including **October 7, 2013**, to file their motion to dismiss for Plaintiff's alleged failure to exhaust his administrative remedies.

**ORDER**

Accordingly, the Court **HEREBY GRANTS** Defendant up to and including October 7, 2013, to file their motion to dismiss for Plaintiff's alleged failure to exhaust his administrative remedies. **Absent a showing of exceptional good cause, no further extensions of time will be granted for their motion to dismiss.** The unavailability of the Appeals Coordinator at PVSP, defense counsel's litigation schedule or the need for discovery **SHALL NOT** constitute good cause.

IT IS SO ORDERED.

Dated: **September 16, 2013**              **/s/ Jennifer L. Thurston**
                                            UNITED STATES MAGISTRATE JUDGE