# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER HARBRIDGE,<br><br>  Plaintiff,<br><br>  v.<br><br>YATES, et al.,<br><br>  Defendants. | Case No.  1:10-cv-00473-AWI-JLT (PC)<br><br>ORDER ON DEFENDANTS' NOTICE RE MOTION TO DISMISS AND/OR REQUEST FOR EXTENSION OF DISPOSITIVE MOTION DEADLINE<br><br>(Doc. 64) |

Plaintiff, Christopher Harbridge, filed this civil rights action pursuant to 42 U.S.C. § 1983 and California law on March 16, 2010.  This action is proceeding on the following claims under the Eight Amendment in Plaintiff's Second Amended Complaint (Doc. 22):  Claim 1, against Defendants Trimble, Williams, Brown, Reeves, Munoz, and Singleton for deliberate indifference related to the temperature of the cell only; Claim 9, against Defendants Reeves, Collier, and Brown; Claims 12, 13, and 14 against Defendants Redding and Franco for use of excessive force against and against Defendant McBride for failing to intervene on Plaintiff's behalf; Claim 16 against Defendants McBride and Herrera related to the denial of medical care; Claim 17, against Defendants Hall, McBride, Herrera, Lee, and Tucker for deliberate indifference to his medical condition; Claim 18, against Defendant Dishman for deliberate indifference to an alleged serious medical condition; Claim 19 against Defendants Ferro, Benyamin, and Dishman for deliberate indifference to an alleged serious medical condition; and Claim 21 for deliberate indifference to an

alleged serious medical condition against Defendant Benyamin.  (*See* Docs. 28, 30.)  Defendants have answered the Second Amended Complaint and a Discovery and Scheduling Order has issued and been modified.  (*See* Docs. 42, 43, 47, 53.)

On October 7, 2013, Defendants Brown, Franco, Hall, Herrera, Lee, McBride, Redding, Reeves, Singleton, Trimble, and Tucker[1] filed a timely unenumerated motion to dismiss ("MTD") under Rule 12 of the Federal Rules of Civil Procedure seeking dismissal of Claims 1, 9, 12-14, 16, 18, 19, and 21[2] due to exhaustion deficiencies as was heretofore appropriate.  *See Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003); 42 U.S.C. § 1997e(a); Fed. R. Civ. P. 12(b).  (Doc. 48.)  After requesting and receiving extensions of time, Plaintiff filed his opposition on January 31, 2014 and Defendants filed their reply on February 28, 2014.  (Docs. 55, 58.)

However, on April 3, 2014, the United States Court of Appeals for the Ninth Circuit issued a decision overruling *Wyatt* with respect to the proper procedural device for raising the affirmative defense of exhaustion under § 1997e(a).  *Albino v. Baca*, No. 10-55702, 2014 WL 1317141, at *1, 4 (9th Cir. Apr. 3, 2014) (en banc).  Defendants recently filed a notice of this new opinion, requested clarification as to its effect on their pending MTD, and requested a thirty-day extension of the dispositive motion filing deadline in this action.  (Doc. 64.)

Following the decision in *Albino*, an unenumerated Rule 12(b) motion is no longer the proper procedural device for raising the affirmative defense of exhaustion.  *Id.*  Rather, defendants may raise exhaustion deficiencies as an affirmative defense under §1997e(a) in a motion for summary judgment under Rule 56 if it has been pled and preserved.  *Id.*  Only "[i]n the rare event a failure to exhaust is clear on the face of the complaint may it be raised in a motion to dismiss pursuant to Rule 12(b)(6).  *Id.*

It is reasonable and equitable to allow Defendants to choose whether they wish for their MTD to be converted to a motion for summary judgment under Rule 56, or if they wish to

---

[1] Service is in the process of being attempted, but has not yet been achieved on Defendants Collier, Benyamin, Dishman, Ferro, and Munoz.  A notice of death was recently filed in this action as to Defendant W.R. Williams. (Doc. 59.)

[2] Plaintiff will be allowed to proceed on Claim 17 in the Second Amended Complaint against the Defendants who brought this action and on all claims previously found cognizable against Defendants Collier, Benyamin, Dishman, Ferro, and Munoz.

withdraw their MTD and be granted 30 days in which to file a motion for summary judgment under Rule 56. Depending on which choice Defendants make, Plaintiff will then have similar options (delineated below) regarding his opposition.[3]

Accordingly, it is HEREBY ORDERED that:

(1) within 10 days of the date of service of this order, Defendants must file notice either indicating their desire to have their MTD converted to a motion for summary judgment under Rule 56, or withdrawing their MTD and indicating their intent to file a motion for summary judgment within 30 days of the date they file notice indicating their choice;

(2) if Defendants indicate a desire to have their MTD converted to a motion for summary judgment under Rule 56, within 10 days of the filing of that notice, Plaintiff must file a notice either indicating his desire to stand on his opposition as previously filed, or withdrawing the opposition that he previously filed and filing a new opposition -- if Plaintiff elects to file a new opposition, he must do so within 30 days of the date he files his notice so electing. If Plaintiff files a new opposition, Defendants may file a new reply but the previously filed reply will be disregarded in either event;

(3) if Defendants withdraw their Motion to Dismiss and file a motion for summary judgment, Plaintiff's opposition to the motion SHALL be filed within 30 days. Any reply SHALL be filed within 20 days thereafter.

IT IS SO ORDERED.

Dated:  **April 9, 2014**         **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

---

[3] An amended second informational order is being concurrently issued to notify Plaintiff of the rights and requirements to oppose a motion for summary judgment. *Woods v. Carey*, Nos. 09-15548, 09-16113, 2012 WL 2626912 (9th Cir. Jul. 6, 2012), *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988),