# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER HARBRIDGE,<br><br>        Plaintiff,<br><br>    v.<br><br>YATES, et al ,<br><br>        Defendants. | 1:10-cv-00473-AWI-JLT (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO COMPEL<br><br>(Doc. 67, 78, 84) |

      Plaintiff, Christopher Harbridge, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. On April 4, 2014, Plaintiff filed a motion seeking to compel responses to his discovery, or in the alternative, for enlargement of time to conduct discovery which was denied as untimely. (Docs. 67, 78.) On June 6, 2014, Plaintiff filed a motion for reconsideration of the order denying his motion to compel and/or enlargement of time. (Doc. 84.) Defendants filed an opposition on June 9, 2014. (Doc. 88.) Plaintiff did not file a reply. The motion is deemed submitted. L.R. 230(l).

      Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id.* (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are

claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Plaintiff has not shown any new or different facts or circumstances, newly discovered evidence, or an intervening change of law to support his motion. Plaintiff argues that he was not aware that the same parameters for discovery (i.e. needing to serve discovery 45 days prior to the deadline and that a motion to compel must also be filed by the deadline) applied to the discovery cut-off date in the order that granted his requested extension of time and modifying the discovery and scheduling order. Plaintiff argues that he was misled because those same parameters were not restated in the modifying order, which Plaintiff errantly calls the "new scheduling order." Plaintiff also argues that the modifying order used the phrase "discovery cut-off date" which could lead one to believe they could serve discovery up until that date. Plaintiff also argues that the untimeliness of his motion to compel is related to the untimeliness of his discovery and that both should be excused. None of this shows that the Magistrate Judge's denial without prejudice of Plaintiff's motion to compel and/or for enlargement of time was clearly erroneous.

Plaintiff's arguments all fall short. The order modifying the discovery and scheduling order specifically stated that its purpose was limited to just that -- modifying only the discovery and dispositive motion deadlines. Nothing in the modifying order indicated that the rest of the parameters of the original discovery and scheduling order were negated. Both the discovery Plaintiff propounded on Defendants and Plaintiff's motion to compel were untimely.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 303, this

Court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the Court finds the Magistrate Judge's order denying Plaintiff's motion to compel and/or for enlargement of time to be supported by the record and proper analysis.

Accordingly, Plaintiff's motion for reconsideration of the Magistrate Judge's order denying Plaintiff's motion to compel, filed June 6, 2014 (Doc. 84), is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   October 2, 2014                               _____
                                                                         SENIOR  DISTRICT  JUDGE