# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER HARBRIDGE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HICKMAN, et al.,<br><br>　　　　Defendants. | Case No. 1:10-cv-00473-AWI-JLT (PC)<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY DEFENDANTS FERRO, BENYAMIN, AND DISHMAN SHOULD NOT BE DISMISSED PURSUANT TO RULE 4(M)<br><br>(Docs. 80, 90)<br><br>30-DAY DEADLINE |

Plaintiff, Christopher Harbridge, filed this civil rights action pursuant to 42 U.S.C. § 1983 and California law on March 16, 2010. This action is proceeding on the following claims under the Eight Amendment in Plaintiff's Second Amended Complaint (Doc. 22): Claim 1, against Defendants Trimble, Brown and Reeves, Munoz and Singleton the Court for deliberate indifference related to the temperature of the cell only; Claim 9, against Defendants Reeves, Collier, and Brown; Claims 12, 13, and 14 against Defendants Redding and Franco for use of excessive force and against Defendant McBride for failing to intervene on Plaintiff's behalf; Claim 16 against Defendants McBride and Herrera related to the denial of medical care; Claim 17, against Defendants Hall, McBride, Herrera, Lee and Tucker for deliberate indifference to his medical condition; Claim 18, against Defendant Dishman for deliberate indifference to an alleged serious medical condition; Claim 19 against Defendants Ferro, Benyamin, and Dishman for deliberate indifference to an alleged serious medical condition; and Claim 21 for deliberate indifference to an alleged serious medical condition against Defendant Benyamin. (*See* Docs. 28,

30.)  Defendants Trimble, Brown, Reeves, Munoz, Singleton, Collier, Redding, Franco, McBride, Herrera, Hall, Lee, and Tucker have made appearances in the action.[1]  However, the Marshal was not able to locate Defendants Ferro, Benyamin, and Dishman such that service was returned un- executed on May 19, 2014.  (*See* Docs. 74, 75, 76.)

> Rule 4(m) of the Federal Rules of Civil Procedure provides:
>
> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint.  28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).  "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties."  *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995).  "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause. . . ."  *Walker*, 14 F.3d at 1422 (internal quotations and citation omitted).  However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate.  *Walker*, 14 F.3d at 1421-22.

At this juncture, the Marshal's Office has exhausted the avenues available to it in attempting to locate and serve Defendants Ferro, Benyamin, and Dishman.[2]  *Walker*, 14 F.3d at 1421-22.  On May 21, 2014, Plaintiff was ordered to provide additional information for service on Defendants Ferro, Benyamin, and Dishman. (Doc. 80.)  Plaintiff requested and received a three-month extension of time to do so. (Doc. 90.)  Despite lapse of almost another additional full

---

[1] Defendant W.R. Williams is deceased and was terminated from this action on June 30, 2014.
[2] The Marshal's Office sought assistance from the prison, the Office of Legal Affairs for the California Department of Corrections and Rehabilitation, and the Attorney General's Office. (Doc. 74, 75, 76.)

1  month, Plaintiff has failed to provide any additional information to attempt service on Defendants
2  Ferro, Benyamin, and Dishman.

3      Plaintiff shall be provided with an opportunity to show cause why Defendants Ferro,
4  Benyamin, and Dishman should not be dismissed from this action.  Fed. R. Civ. P. 4(m).  If
5  Plaintiff either fails to respond to this order or responds but fails to show cause, Defendants Ferro,
6  Benyamin, and Dishman and all claims against them shall be dismissed from this action.

7      Accordingly, based on the foregoing, it is HEREBY ORDERED that:

8      1.  **Within 30 days** from the date of service of this order, Plaintiff shall show cause
9  why Defendants Ferro, Benyamin, and Dishman and all claims against them should not be
10  dismissed from this action; and

11      2.  The failure to respond to this order or the failure to show cause will result in the
12  dismissal of Defendants Ferro, Benyamin, and Dishman and all claims against them from this
13  action.

14  
15  IT IS SO ORDERED.

16      Dated:   **October 9, 2014**        **/s/ Jennifer L. Thurston**
17                                UNITED STATES MAGISTRATE JUDGE