# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER HARBRIDGE,<br><br>    Plaintiff,<br><br>v.<br><br>HICKMAN, et al.,<br><br>    Defendants. | Case No.  1:10-cv-00473-AWI-JLT (PC)<br><br>FINDINGS AND RECOMMENDATION TO DISMISS DEFENDANTS FERRO, BENYAMIN, AND DISHMAN PURSUANT TO RULE 4(M)<br><br>(Docs. 80, 90, 93, 94)<br><br>30-DAY DEADLINE |

## I. FINDINGS

### A. Procedural History

Plaintiff, Christopher Harbridge, is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on the following claims under the Eight Amendment in Plaintiff's Second Amended Complaint (Doc. 22):  Claim 1, against Defendants Trimble, Brown and Reeves, Munoz and Singleton the Court for deliberate indifference related to the temperature of the cell only; Claim 9, against Defendants Reeves, Collier, and Brown; Claims 12, 13, and 14 against Defendants Redding and Franco for use of excessive force and against Defendant McBride for failing to intervene on Plaintiff's behalf; Claim 16 against Defendants McBride and Herrera related to the denial of medical care; Claim 17, against Defendants Hall, McBride, Herrera, Lee and Tucker for deliberate indifference to his medical condition; Claim 18, against Defendant Dishman for deliberate indifference to an alleged

serious medical condition; Claim 19 against Defendants Ferro, Benyamin, and Dishman for deliberate indifference to an alleged serious medical condition; and Claim 21 for deliberate indifference to an alleged serious medical condition against Defendant Benyamin. (*See* Docs. 28, 30.) Defendants Trimble, Brown, Reeves, Munoz, Singleton, Collier, Redding, Franco, McBride, Herrera, Hall, Lee, and Tucker have made appearances in the action.[1]  However, the Marshal was not able to locate Defendants Ferro, Benyamin, and Dishman such that service was returned unexecuted on May 19, 2014. (*See* Docs. 74, 75, 76.)

Thus, on October 10, 2015, Plaintiff was ordered to show cause why Defendants Ferro, Benyamin, and Dishman should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m). (Doc. 93.)

**B.  Legal Standard**

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated *pro se* plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause. . . ." *Walker*, 14 F.3d at 1422 (internal quotations and citation omitted). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendant is appropriate. *Walker*, 14 F.3d at

---

[1] Defendant W.R. Williams is deceased and was terminated from this action on June 30, 2014.

2

1421-22.

### C. Analysis

The Marshal's Office has exhausted the avenues available to it in attempting to locate and serve Defendants Ferro, Benyamin, and Dishman.[2]  *Walker*, 14 F.3d at 1421-22.  On May 21, 2014, Plaintiff was ordered to provide additional information for service on Defendants Ferro, Benyamin, and Dishman.  (Doc. 80.)  Plaintiff requested and received a multiple month extension of time to do so.  (Doc. 90.)  Despite lapse of almost another additional full month beyond the extension, Plaintiff failed to provide any additional information to attempt service on Defendants Ferro, Benyamin, and Dishman.  Thus, on October 10, 2014, an order issued for Plaintiff to show cause ("OSC") why Defendants Ferro, Benyamin, and Dishman should not be dismissed pursuant to Rule 4(m).  (Doc. 93.)

In his response to the OSC, Plaintiff admits that he has been unable to locate the current addresses or locations of these three Defendants.  (Doc. 94, ¶2.)  However, Plaintiff objects that the Marshall's Office efforts were inadequate since they sought assistance from the prison, the CDCR's Office of Legal Affairs, and the State Attorney General.  (*Id.*)  Plaintiff argues that all of these are state agencies who either employed the Defendants, or would represent them once they are brought into the case.  (*Id.*)  Plaintiff asserts that there cannot be a reasonable expectation that these agencies would candidly cooperate to locate defendants for service.  (*Id.*)  Plaintiff argues that the Marshal's Office should be required to search the internet for the addresses of these three Defendants, and run a Google search, searches of state and federal public records, and request changes of address from the U.S. Postal Service.  (*Id.*)  Plaintiff requests that the Marshall's Office be ordered to perform these tasks and "anything else they are capable of to locate these defendants."  (*Id.*, at ¶3.)

This action has been pending for over five years and the dispositive motion filing deadline for all parties in the action is rapidly approaching on May 1, 2015.  (Docs. 89, 98.)  Plaintiff's time for serving Defendants Ferro, Benyamin and Dishman has been extended well beyond the 120

---

[2] The Marshal's Office sought assistance from the prison, the Office of Legal Affairs for the California Department of Corrections and Rehabilitation, and the Attorney General's Office.  (Doc. 74, 75, 76.)

3

days from the filing of the Complaint as allowed in Rule 4(m) as the operative pleading, the Second Amended Complaint, was filed over three years ago on March 19, 2012.  (Doc. 22.)

While good cause initially existed to allow extension beyond the 120 day service deadline of Rule 4(m), there is no good cause to extend the time for service of Defendants Ferro, Benyamin, and Dishman any further.  It is Plaintiff's obligation to provide information necessary to identify and locate a given defendant.  This Plaintiff has not done and in fact, admits that he is unable to do.  Despite Plaintiff's arguments that the Marshal's Office should do more in attempting to locate a defendant for service of process, none of the efforts he suggests are required.  A plaintiff proceeding *in forma pauperis* for whom service is performed by officers of the court pursuant to 28 U.S.C. § 1915(d) has no ability to dictate how that service shall lawfully be accomplished.  Good cause does not exist to extend the time for service of the operative complaint in this action on Defendants Ferro, Benyamin, and Dishman any further.

## II. CONCLUSION

Plaintiff has failed and is unable to provide sufficient information upon which Defendants Ferro, Benyamin, and Dishman may be located for service of summonses in this action.  Good cause does not exist to grant further extension.  Fed. R. Civ. P. 4(m).

Accordingly, it is HEREBY RECOMMENDED that Defendants Ferro, Benyamin, and Dishman and all claims against them (18, 19, and 21) be dismissed without prejudice from this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **30 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

///

///

///

///

4

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 21, 2015**                            **/s/ Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE