# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER HARBRIDGE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>YATES, et al.,<br><br>　　　　　Defendants. | Case No.  1:10-cv-00473-DAD-JLT (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REOPEN DISCOVERY**<br><br>**(Doc. 117)** |

　　　　On October 22, 2015, Plaintiff filed a motion[1] seeking to reopen discovery in this action to obtain all investigation documents surrounding Defendant McBride's recent demotion from Sergeant to officer.  (Doc. 117.)  Defendants oppose this request.  (Doc. 119.)  Because the investigation of any misconduct that resulted in the asserted demotion and the demotion itself are not relevant to the matters at issue in this action, Plaintiff's motion is **DENIED**.

**I.  Motion to Reopen Discovery**

　　　　Pursuant to F.R.Civ.P. 16(b)(3)(A), district courts must enter scheduling orders to establish deadlines for, among other things, filing of motions and completion of discovery.  "A schedule may be modified only for good cause and with the judge's consent."  F.R.Civ.P. 16(b)(4).  This standard "primarily considers the diligence of the party seeking the amendment."

---

[1] Plaintiff's motion is neither signed under penalty of perjury, nor supported by affidavit or declaration of a person with actual knowledge of the facts Plaintiff asserts.

1

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  However, there are a number of other factors that may be considered such as:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence
.

*U.S. ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995) *vacated on other grounds,* 520 U.S. 939, 117 S. Ct. 1871 (1997) citing *Smith v. United States,* 834 F.2d 166, 169 (10th Cir.1987).  In this case, a date for trial has not been set; Defendants oppose Plaintiff's motion; as discussed in greater detail below, it is unlikely that the discovery Plaintiff seeks will lead to relevant information or to the discovery of admissible evidence; Defendant McBride would likely be prejudiced if irrelevant reprimand and investigation documents are produced; Plaintiff has not shown due diligence in raising this issue; and more than sufficient time has already been provided for discovery in this action.  The relevance of the evidence to be uncovered by the discovery sought is pivotal here.

It is noteworthy that Plaintiff's motion is neither signed under penalty of perjury, nor supported by an affidavit/declaration; nor is it supported by any form of evidence.  (Doc. 117.) Plaintiff asserts that, since the close of discovery, Defendant McBride has been demoted from Sergeant to Officer purportedly because he sexually harassed a female officer, but that Plaintiff has no way of knowing the true nature of the misconduct unless he is allowed to conduct discovery thereon and that any misconduct will surely be relevant at trial and perhaps to oppose Defendants' pending motion for summary judgment.  (*Id.*)  Plaintiff further argues that he is entitled to this discovery since any evidence of misconduct by Defendant McBride "at the very least" . . . "effects [sic] his credibility and raises doubt to [sic] his professionalism.  At best, it may be directly on point with the Claims at issue in this case."  (*Id.*)

Plaintiff is proceeding against Defendant McBride on claims in the Second Amended Complaint that, back in 2006, Defendant McBride failed to intervene on Plaintiff's behalf when

1  he was subjected to excessive force by two other officers (Claims 12 & 14); deliberate
2  indifference to Plaintiff's ankle and other injuries while he was in the Program Office thereafter
3  (Claim 16); and deliberate indifference to Plaintiff's ankle and other injuries while Plaintiff was
4  housed in Building 1 from May 2 to 4, 2006 (Claim 17). (*See* Docs. 28, 30.)  His claims have no
5  relation to sexual harassment which is the only basis Plaintiff asserts for Defendant McBride's
6  demotion.
7      The scope of discovery is broad and it may be obtained as to any unprivileged matter that
8  is "relevant to the claim or defense of any party . . ." Fed. Civ. Pro. R 26(b)(1).  Discovery may
9  be sought of relevant information not admissible at trial "if the discovery appears reasonably
10 calculated to lead to the discovery of admissible evidence." *Id.*
11     Evidence is relevant if it has a tendency to make a fact in issue more or less probable than
12 it would be without the evidence and that fact is of consequence in determining the action.  Fed.
13 R. Evid. 401.  Evidence that is not relevant is not admissible.  Fed. R. Evid. 402.  However, even
14 relevant evidence may be excluded if it will cause unfair prejudice, confuse the issues, mislead
15 the jury, cause undue delay, waste time, or is needlessly cumulative.  Fed. R. Evid. 403.  Aside
16 from limited exceptions, none of which apply here, evidence of a person's character or character
17 trait is not admissible to prove that, on a particular occasion the person acted in accordance with
18 the character or trait.  Fed. R. Evid. 404.
19     The evidence Plaintiff seeks is clearly neither admissible, nor reasonably calculated to
20 lead to the discovery of admissible evidence.  Plaintiff does not provide any evidence to prove
21 that Defendant McBride was demoted this year and he provides neither evidence, nor argument as
22 to how that asserted recent demotion would tend to prove or disprove Plaintiff's claims that, back
23 in 2006, Defendant McBride failed to intervene and was deliberately indifferent to Plaintiff's
24 subsequent injuries to be relevant and/or to lead to the discovery of admissible evidence.  Further,
25 per Federal Rule of Evidence 404, Plaintiff will not be allowed to use any such evidence at the
26 trial in this matter to attack Defendant McBride's character, "credibility," or "professionalism."
27     Plaintiff asserts that Defendant McBride was demoted "since the close of discovery."
28

Discovery in this matter closed on February 1, 2015.  (*See* Doc. 89.)  Due to lapse of a significant span of time, it is not reasonable to assume that Defendant McBride's demotion earlier this year is in any way connected to the acts at issue in this case.  Plaintiff provides neither argument, nor evidence upon which to make such an illogical leap.  Further, Plaintiff fails to present evidence or argument to show that he exercised due diligence in attempting to uncover evidence of reprimands or similar bad acts by the Defendants in this action while discovery was open to justify reopening discovery now -- more than eight months after the discovery deadline passed (*see* Doc. 89); more than five years after he initiated this action (*see* Doc. 1); and more than nine years after the events at issue occurred (*id.*).

       Finally, Plaintiff's motion likewise fails to meet the requirements to reopen discovery on this issue in order to support his opposition to the Defendants' pending summary judgment motion. Federal Rule of Civil Procedure 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."  In seeking such relief, Plaintiff bears the burden of specifically identifying relevant information, where there is some basis for believing that the information actually exists, and demonstrating that the evidence sought actually exists and that it would prevent summary judgment. *Blough v. Holland Realty, Inc.*, 574 F.3d 1084, 1091 n.5 (9th Cir. 2009) (quotation marks and citation omitted); *Getz v. Boeing Co.*, 654 F.3d 852, 867-68 (9th Cir. 2011); *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100-01 (9th Cir. 2006).  Plaintiff has made no such showing.

## ORDER

Accordingly, the Court **ORDERS** that Plaintiff's motion to reopen discovery, filed on October 22, 2015 (Doc. 117) is **DENIED**.

IT IS SO ORDERED.

   Dated:   **December 8, 2015**　　　　　　　　**/s/ Jennifer L. Thurston**
                                                                   UNITED STATES MAGISTRATE JUDGE