# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER HARBRIDGE,<br><br>    Plaintiff,<br><br>    v.<br><br>YATES, et al.,<br><br>    Defendants. | Case No. 1:10-cv-00473-AWI-JLT (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR ATTENDANCE OF INCARCERATED WITNESSES**<br><br>(Doc. 146) |

This case is scheduled for trial on Plaintiff's claim against Defendants Hall, Lee, and Tucker for deliberate indifference to his medical condition. (*See* Docs. 122, 128, 137.) Plaintiff's motion for attendance of incarcerated witnesses at trial is before the Court. (Doc. 146.) Plaintiff requests that the CDCR transport fifty-eight inmates to testify at trial. *Id*. As discussed in greater detail below, Plaintiff's motion for attendance of those inmates is **DENIED** because he fails to show that they have actual knowledge of relevant facts and, per the Federal Rules of Evidence, the testimony Plaintiff desires from the witnesses is not admissible.

**I. Factual Background**

Plaintiff is proceeding to trial on his claim against Defendants Hall, Lee, and Tucker for deliberate indifference to his medical condition on allegations stated in the Second Amended Complaint. (*See* Docs. 22, SAC; 122, F&R on MSJ; 128, O adopt F&R.)

In this claim, Plaintiff alleges that he was not given medical attention for two days after

1  his ankle was fractured by another correctional officer.  (Doc. 22, SAC at 29-30.)  Plaintiff
2  alleges that LVN Hall examined Plaintiff from a few feet away within minutes of the incident
3  (while he was in the holding cage), but did not provide any treatment.  (*Id*., at 29.)  Also, Plaintiff
4  alleges that, in the presence of Lt. Herrera, LVN Hall stated that his ankle may be broken which
5  required x-rays and medical treatment; instead, Plaintiff was placed in a cell and left there for two
6  days.  (*Id*.)  During this time, Plaintiff was provided neither bandages to cover a laceration on the
7  back of his leg, nor a cane or crutches, nor supplies to allow him to elevate his ankle.  (*Id*.)
8  Plaintiff alleges that, because he was forced to walk on the ankle, the swelling became
9  "excessive" and grew to the size of a "football."  (*Id*. at 31.)

10  During this time, Plaintiff alleges C/O Lee came to his cell and Plaintiff asked him for
11  medical attention and showed him his ankle which had grown to be the size of a "football."  (Doc.
12  22 at 31.)  C/O Lee allegedly failed to summon medical staff.  (*Id*.)  The next day, C/O Tucker
13  came to Plaintiff's cell and Plaintiff showed C/O Tucker his hugely swollen ankle and requested
14  medical attention.  (*Id*.)  C/O Tucker disparaged Plaintiff and refused to summon medical care.
15  (*Id*.)  Plaintiff alleges that the delay in receiving medical treatment caused complications with the
16  healing of his ankle and resulted in chronic heel pain.  (*Id*. at 35-36.)

17  Plaintiff alleges that LVN Hall believed that Plaintiff's ankle was broken but failed to
18  treat him or to ensure he received immediate treatment for his broken ankle.  (Doc. 22 at 32.)
19  Plaintiff claims that this resulted in his suffering complications such as long-term heel pain
20  because of the resultant excessive swelling.  (*Id*. at 36.)  In addition, Plaintiff claims that LVN
21  Hall failed to properly complete forms, to provide him a cane or crutches, and to bandage the
22  wound on his thigh.  (*Id*.)  Plaintiff alleges that LVN Hall had the ability to provide a cane or
23  crutches, but did not do so despite knowing that Plaintiff needed to keep weight off the ankle and
24  would not be able to do so in their absence.  (*Id*., p. 30.)

25  **II. <u>Discussion and Analysis</u>**

26  In determining whether to grant Plaintiff's motions for the attendance of his proposed
27  witnesses, factors to be taken into consideration include (1) whether the inmate's presence will
28  substantially further resolution of the case, (2) the security risks presented by the inmate's

1  presence, (3) the expense of transportation and security, and (4) whether the suit can be stayed
2  until the inmate is released without prejudice to the cause asserted. *Wiggins v. County of*
3  *Alameda*, 717 F.2d 466, 468 n.1 (9th Cir. 1983); *see also Walker v. Sumner*, 14 F.3d 1415, 1422
4  (9th Cir. 1994) (district court did not abuse its discretion when it concluded the inconvenience
5  and expense of transporting inmate witness outweighed any benefit he could provide where the
6  importance of the witness's testimony could not be determined), *abrogated on other grounds by*
7  *Sandin v. Conner*, 515 U.S. 472 (1995).

8        Plaintiff must show that the anticipated testimony of each inmate he desires to call as a
9  witness will substantially further resolution of the case, which as stated in the Second Scheduling
10 Order, requires showing the inmate is willing to testify and has actual knowledge of relevant
11 facts. (Doc. 137, pp. 2-4.) This can be shown by filing a declaration, either by Plaintiff or the
12 prospective witness, that is "specific about the incident, when and where it occurred, who was
13 present, and how the prospective witness happened to be in a position to see or hear what
14 occurred at the time it occurred." (*Id.*, pp. 3-4.) Though Plaintiff submitted a declaration with his
15 motion, it does not comply with the above requirements and fails to show any of his desired
16 witnesses have first-hand knowledge of the events at issue in this case. (Doc. 146, pp. 2-8.)

17       In his declaration, Plaintiff states generally that he believes that all fifty-eight "witnesses
18 have actual first-hand knowledge of relevant facts" and that if asked, "they would testify
19 voluntarily." (*Id.*, p. 2.)[1] However, Plaintiff then indicates that he has not spoken to them to
20 ascertain whether they are willing to testify voluntarily. (*Id.*) Plaintiff indicates that the first six
21 inmates he lists have sued Hall, Lee, and/or Tucker in prior actions and Plaintiff gives the case
22 name, number, and a brief description of the allegations in those inmates' prior lawsuits. (*Id.*, pp.
23 2-4.) Plaintiff desires to call one of the inmates to testify that DAG Diana Esquivel was
24 sanctioned in another action for "submitting a declaration which the judge said was
25 'demonstrably false.'" (*Id.*, p. 4.) Plaintiff desires to call the remaining fifty-one inmates as
26

---

27 [1] It is noted that Plaintiff identified inmate William Sutherland, CDCR #T-59697, in his Pretrial Statement list of witnesses. (Doc. 145, p. 11.) Plaintiff did not list IM Sutherland in this motion, (Doc. 146), and thus failed to make
28 the requisite showing to obtain IM Sutherland's appearance at the trial in this matter.

3

witnesses based on their having filed prior actions in which DAG Diana Esquivel represented prison personnel which gave DAG Esquivel "opportunity to present perjured declarations to the court" and "opportunity to suborn perjured testimony in open court" when a number of those cases went to trial. (*Id.*, pp. 5-8.) Plaintiff desires to call these inmates as witnesses to support his "argument to the jury that Esquivel knowingly suborned perjurious (sic) testimony from Defendant Hall (and perhaps the other Defendants), as the declaration Hall submitted proves she intends to win this case by coaching Hall to lie." (*Id.*, p. 5.) None of this shows that Plaintiff's desired witnesses saw him suffer his injuries, saw his injuries or saw his interactions with any of the three remaining Defendants. Thus, Plaintiff's motion must be denied because he fails to show that any of his prospective witnesses have actual knowledge of relevant facts (i.e. the events which Plaintiff alleged that stated a cognizable claim for deliberate indifference to his serious medical needs) to be allowed to attend and testify at the trial of this action.

Further, Plaintiff seeks to call the above witnesses to prove Defendants' and/or defense counsel's nefarious motive or character. As correctly stated in Defendants' opposition,[2] the Federal Rules of Evidence prohibit testimony for these purposes as inadmissible, irrelevant, a waste of time, and unduly prejudicial. Fed.R.Evd. 401, 403, 404. Rule 404(b) specifically prohibits evidence of other wrongs or acts to prove "the character of a person in order to show action in conformity therewith," but allows admission for other purposes, such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." To be probative of something other than character, such evidence must: (1) prove a material element of the misconduct alleged; (2) show similarity between the prior and alleged conduct; (3) suffice to support a finding that the defendant committed the other act; and (4) not be too remote in time. *United States v. Johnson*, 132 F.3d 1279, 1282 (9th Cir. 1997). Plaintiff fails to show a basis for calling his desired witnesses other than to prove their conforming acts (i.e. character), which Rule 404(b) expressly prohibits. Thus, Plaintiff's motion must also be denied since the testimony he desires to illicit from the fifty-eight witnesses he identifies is not admissible under the Federal Rules of Evidence.

---

[2] Though more than sufficient time has lapsed, Plaintiff did not file a reply to Defendants' opposition. L.R. 230(l).

4

### III. Order

Based on the foregoing, the Court **ORDERS** that Plaintiff's motion for attendance of incarcerated witnesses at the trial of this matter, filed on March 2, 2017 (Doc. 146), is **DENIED**.

IT IS SO ORDERED.

Dated:   **March 30, 2017**              /s/ Jennifer L. Thurston
                                          UNITED STATES MAGISTRATE JUDGE