1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CHRISTOPHER HARBRIDGE,                    No. 1:10-cv-00473-DAD-JLT (PC)

12              Plaintiff,

13        v.                                   ORDER DENYING PLAINTIFF'S MOTION
                                               FOR RECONSIDERATION OF ORDER
14   YATES, et al.,                            DENYING INCARCERATED WITNESS

15              Defendants.

16                                             (Doc. No. 170)

17

18

19

20        Plaintiff Christopher Harbridge, a state prisoner proceeding *pro se* and *in forma pauperis*,

21   filed this civil rights action pursuant to 42 U.S.C. § 1983.  Jury trial in this case is scheduled to

22   commence on May 2, 2017.  Plaintiff filed a motion seeking attendance of incarcerated witnesses

23   at trial which was denied by the magistrate judge assigned to this case on March 30, 2017.  (Doc.

24   Nos. 146, 154.)  On April 24, 2017, plaintiff filed a motion seeking reconsideration of the

25   magistrate judge's order denying his motion in this regard.  (Doc. No. 170.)

26        This court reviews a motion to reconsider a magistrate judge's ruling under the "clearly

27   erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P.

28
                                              1

2(a). Local Rule 303(f); *see also Grimes v. City and County of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991). A magistrate judge's factual findings are "clearly erroneous" when the district court is left with the definite and firm conviction that a mistake has been committed. *Security Farms. v. International Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997); *Green v. Baca*, 219 F.R.D. 485, 489 (C.D. Cal. 2003). The "clearly erroneous' standard is significantly deferential." *Concrete Pipe and Products of California, Inc. v. Construction Laborers Pension Trust for Southern California*, 508 U.S. 602, 623 (1993). The "contrary to law" standard allows independent, plenary review of purely legal determinations by the magistrate judge. *See Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3d Cir. 1992); *Green*, 219 F.R.D. at 489; *see also Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008);; *see Adolph Coors Co. v. Wallace*, 570 F. Supp. 2d 202, 205 (N.D. Cal. 1983).

Plaintiff proffers several arguments in essentially contending that the magistrate judge's ruling was clearly erroneous or contrary to law. First, plaintiff avers that the order denying attendance of his requested incarcerated witnesses issued before he filed his reply to defendant's opposition and that his reply should have been considered. (Doc. No. 170.) Plaintiff's argument in this regard is not well-taken. Plaintiff timely filed his motion for attendance of incarcerated witnesses on March 2, 2017. (Doc. No. 146.) Defendants timely filed their opposition on March 15, 2017. (Doc. No. 150.) The order denying plaintiff's motion appropriately issued over two weeks later on March 30, 2017. (Doc. No. 154.) The second scheduling order issued in this case, which dictated the briefing schedule on motions for incarcerated witnesses, did not allow for a plaintiff to file a reply to an opposition to a motion for attendance of incarcerated witnesses. (*See* Doc. Nos. 137, 143.) That order provided plaintiff a description of the requirements he needed to meet in his moving papers. (*Id.*) In any event, plaintiff's reply was not timely filed under Local Rule 230(*l*).[1] Rule 230(*l*) provides for a party to file a reply not more than seven (7) days after

---

[1] Plaintiff's claim that he is unfamiliar with Local Rule 230(*l*) and that he should have been provided with a copy of it is unpersuasive. The first order in this action specifically referred

the opposition has been filed in CM/ECF. Plaintiff's reply was filed[2] three weeks after

defendants' opposition was filed. Though plaintiff offers many explanations as to why he was

unable to file his reply earlier, he did not request an extension to reply to defendants' opposition.

Second, plaintiff once again argues that he should be able to call his first six desired

incarcerated witnesses to testify that defendants' "custom and practice is to be abusive in ways

very similar to that at issue in this case." (Doc. No. 170 at 1–2.) However, as the magistrate

judge correctly ruled in the order denying plaintiff's witnesses, such evidence is inadmissible

under the Federal Rules of Evidence. Plaintiff's stated desire to call his witnesses to prove

defendants' conforming acts (i.e. character), is expressly prohibited by Rule 404(b). Plaintiff's

desire to call fifty-two witnesses (listed as 7–58) "to show that defense counsel has a history of

suborning perjury" is likewise unavailing.

Having carefully reviewed the magistrate judge's order denying plaintiff's motion for

attendance of incarcerated witnesses, the undersigned concludes that the order was certainly not

clearly erroneous or contrary to law.[3] Accordingly, plaintiff's motion for reconsideration (Doc.

No. 170) is denied.

IT IS SO ORDERED.

Dated:  **April 27, 2017**  

_____
UNITED STATES DISTRICT JUDGE

---

plaintiff to Local Rule 230(*l*) and numerous motions have been filed and resolved in compliance therewith over the seven years that this action has remained pending. (Doc. No. 2 at 5, ¶ 9.)

[2] According to the docket in this case, plaintiff's reply was received by the court on April 10, 2017. (Doc. No. 161.) However, his proof of service indicates that he gave it to prison personnel for mailing on April 5, 2017, which is accepted as the date of filing under the prison mailbox rule. *See Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009) (quoting *Houston v. Lack*, 487 U.S. 266, 270 (1988) ("notice is deemed filed on the date the prisoner 'delivered the notice to prison authorities for forwarding to the [d]istrict [c]ourt'")).

[3] Even if the magistrate judge's order denying plaintiff's motion for attendance of incarcerated witnesses was reviewed *de novo*, the undersigned would uphold it as supported by the record and proper analysis.

3