UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER HARBRIDGE,<br><br>plaintiff,<br><br>v.<br><br>HALL, LEE, AND TUCKER,<br><br>defendants. | No. 1:10-cv-00473-DAD-JLT (PC)<br><br><u>ORDER DENYING PLAINTIFF'S MOTION TO ORDER SERVICE PURSUANT TO RULE 4(M) OR, IN THE ALTERNATIVE, MOTION TO ENTER FINAL JUDGMENT AS TO FEWER THAN ALL CLAIMS AND PARTIES PURSUANT TO RULE 54(b) AND FOR SANCTIONS</u><br><br>(Doc. No. 147) |

Plaintiff is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. §1983. Trial in this action commenced on May 2, 2017 on plaintiff's only remaining claim in this action, Claim 17 as alleged in his Second Amended Complaint against defendants Hall, Lee and Tucker for deliberate indifference to plaintiff's serious medical needs.

On March 2, 2017, plaintiff filed a motion seeking an order directing the United States Marshal to re-attempt service on Dr. Benyamin, Dr. Ferro, and Dishman who were previously dismissed as defendants from this action by the court. (Doc. No. 147.) In the event service upon these defendants is not ordered, plaintiff alternatively requests that judgment be entered in their favor so that he may immediately seek appellate review. (*Id.*) Defendants filed an opposition to the motion (Doc. No. 152) to which plaintiff replied (Doc. No. 162.) The motion was thereafter

1

deemed submitted for decision. L.R. 230(*l*).

**BACKGROUND**

Findings and recommendations issued on November 27, 2012, finding plaintiff's allegations in the Second Amended Complaint (Doc. No. 22) against Dr. Benyamin, Dr. Ferro, and Nurse Dishman in Claims 18, 19, & 21 to state cognizable claims. (Doc. No. 28.) A number of plaintiff's other claims against other defendants, were also found to be cognizable. (*Id.*) Those findings and recommendations were adopted and service on the defendants against whom cognizable claims had been alleged was ordered in March of 2013. (Docs. No. 30, 33.) Thereafter, a few executed waivers of service were filed as well as an answer on behalf of a number of defendants. (*See* Doc. No. 35, Def. Tucker; Doc. No. 39, Def. Reeves; Doc. No. 42, Answer by Brown, Franco, Hall, Herrera, Lee, McBride, Redding, Reeves, Singleton, Trimble, Tucker.)

In May of 2014, unexecuted summonses were filed by the U.S. Marshal as to defendants Dr. Benyamin, Dr. Ferro, and Nurse Dishman.[1] (Docs. No. 74, 76.) Plaintiff was ordered by the court to provide additional information to effectuate service on those defendants. (Doc. No. 80.) Plaintiff requested and received a three-month extension of time to provide the additional information, but failed to do so. (Docs. No. 86, 90.)

On October 10, 2014, an order issued requiring plaintiff to show cause as to why the three defendants should not be dismissed pursuant to Rule 4(m). (Doc. No. 93.) Plaintiff filed a response in which he asserted that the U.S. Marshal's efforts to locate the three defendants by contacting the CDCR's Office of Legal Affairs and the State Attorney General were inadequate because, according to plaintiff, those state agencies were biased and could not be relied on to provide information in aid of service. Plaintiff requested that the U.S. Marshal be required to search the internet, Google, change of address information via the U.S. Postal Service, to conduct a public records search, and to perform any tasks necessary to locate those three defendants as they would to locate fugitives. (Doc. No. 94.)

---

[1] An unexecuted waiver was also filed as to deceased defendant W.R. Williams, for whom plaintiff did not substitute a successor in interest.

On April 22, 2015, findings and recommendations issued recommending that the three defendants to be dismissed, noting that plaintiff had not provided the U.S. Marshal with accurate and sufficient information to effect service, despite the fact that this action had then been pending for over five years. (Doc. No. 99.) Plaintiff did not file any objections to those findings and recommendations. The findings and recommendations were adopted in full and Dr. Benyamin, Dr. Ferro, and Nurse Dishman were dismissed without prejudice. (Doc. No. 108.)

Plaintiff now belatedly seeks an order reinstating his Claims 18, 19, and 20 and directing the U.S. Marshal to serve Dr. Benyamin and Dr. Ferro at their addresses listed on defendant's Designation of Expert Witnesses, which he has attached as an exhibit to his motion, and for the U.S. Marshal to be ordered to conduct research as he previously requested to ascertain the location of and thereafter serve Nurse Dishman. (Doc. No. 147.) Plaintiff argues that defense counsel had the ability to provide the addresses for Dr. Benyamin, Dr. Ferro, and Nurse Dishman to the U.S. Marshal when service was initially attempted, but instead "concealed them." (*Id.* at 2.)

Defendants' opposition to plaintiff's motion indicates that the U.S. Marshal did not contact defense counsel personally in an attempt to locate Dr. Benyamin and Dr. Ferro. (Doc. No. 152.) Defendants oppose plaintiff's motion by arguing that plaintiff has not shown what efforts he made to provide the U.S. Marshal with accurate information in order to locate and serve Dr. Benyamin, Dr. Ferro, and Nurse Dishman. (*Id.*) Defendants point out that plaintiff did not inquire about the status of service on those three defendants until March of 2014 (Doc. No. 62), when he requested that the U.S. Marshal be ordered to locate them for service of process, and that despite receiving extension of the discovery deadline, plaintiff never propounded any discovery requests concerning the whereabouts of Dr. Benyamin, Dr. Ferro, or Nurse Dishman in order to assist in effectuating service on them. (Doc. No. 152.)

/////
/////
/////
/////

3

# EXTENSION OF TIME FOR SERVICE UNDER RULE 4

## I. Legal Standard

Rule 4(m) of the Federal Rules of Civil Procedure requires dismissal without prejudice if a defendant is not timely served with process in an action.[2] Extension of the time for service is required if a plaintiff makes a showing of good cause to do so. Fed. R. Civ. Pro. 4(m), note 2015 Amendment, Subdivision (m). The deadline provision of Rule 4 "operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661 (1996). While "[d]istrict courts have broad discretion to extend time for service under Rule 4(m)," "no court has ruled that the discretion is limitless." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007).

Where, as here, the plaintiff proceeds *in forma pauperis*, the "officers of the court shall issue and serve all process." 28 U.S.C.1915(d). The Court must appoint the Marshal to effect service, *see* Federal Rule of Civil Procedure 4(c)(2), and the Marshal, upon order of the Court, must serve the summons and the complaint, *see Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir.1994) *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995), (requiring a *pro se* prisoner plaintiff to have "furnished the information necessary to identify the defendant") (internal citation omitted). Although a plaintiff who is incarcerated and proceeding *in forma pauperis* may rely on service by the Marshal, the plaintiff "may not remain silent and do nothing to effectuate such service;" rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir.1987). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service 'is automatically good cause within the meaning of Rule 4(j).'" *Walker*, 14 F. 3d at 1422 (quoting *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir.1990)).

---

[2] Where a plaintiff's pleading is deemed appropriate for service, Rule 4(m) once required service within 120 days but was amended to require service with 90 days in 2015. This amendment is of no significance here since plaintiff is proceeding *in forma pauperis*, and the U.S. Marshal was ordered to serve the pleadings, which the 2015 amendment recognizes may require additional time. *See* Fed. R. Civ. Pro. 4(m) note, 2015 Amendment, Subdivision (m).

"In making extension decisions under Rule 4(m) a district court may consider factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" *Efaw* , 473 F.3d at 1041 (quoting *Troxell v. Fedders of N. Am., Inc*., 160 F.3d 381, 383 (7th Cir.1998)). In *Efaw*, the Ninth Circuit found that dismissal should have been granted where the plaintiff failed to explain his seven year delay in serving the defendant and failed to present evidence that the defendant knew about the action notwithstanding plaintiff's failure to effect proper service, coupled with the obvious prejudice caused by the delay. *Id*.

## II.    Discussion

Here, plaintiff contends that because the U.S. Marshal contacted the Attorney General's Office when service was first attempted on Dr. Benyamin and Dr. Ferro, and the Deputy Attorney General representing the remaining defendants subsequently located both of the doctors and disclosed them as potential expert witnesses, the Attorney General's Office had the ability to provide addresses for Dr. Benyamin and Dr. Ferro to the U.S. Marshal, but instead "concealed them." (Doc. No. 147 at 2.) Plaintiff argues that as a matter of law this is an evasion of service of process which was beyond his control and warrants the granting of his request for an order directing that these defendants now be served. (*Id.*) (citing *Gambino v. Village*, 164 F.R.D. 271, 274 (M.D. Fla. 1995) and *Coleman v. Milwaukee Bd. Of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002)).

The undersigned notes that in *Gambino* the court merely found good cause for service after the 120 day deadline then set under Rule 4 because the parties were engaged in settlement negotiations which proved unfruitful and plaintiff had provided law enforcement service documents which properly named and identified the defendants within that deadline. In *Coleman* case the court noted that a defendant's evasion could provide good cause for service beyond Rule 4's deadline. *See* 209 F.3d at 934 (citing *Geiger v. Allen*, 850 F.2d 330, 333 (7th Cir. 1988); *Petrucelli v. Bohringer & Ratzinger, GMBH*, 46 F.3d 1298, 1305–06 (3d Cir. 1995); and *Friedman v. Estate of Presser*, 929 F.2d 1151, 1157 (6th Cir. 1991)). However, the court explicitly found in *Coleman* that there had been no evasion of service and the providing of additional time for delayed service was not warranted.

5

The circumstances here parallel those confronted by the Ninth Circuit in *Efaw*. Notably, both in this case and in *Efaw* there was an "extraordinary" seven year lapse from the filing of the action to the plaintiff's request for service of process. Just as in *Efaw*, plaintiff here offers no reasonable explanation for his seven year failure to provide *any* information beyond the surnames of Dr. Benyamin, Dr. Ferro, and Nurse Dishman upon which the U.S. Marshall might have re-attempted service.

As defendants correctly point out, an answer to plaintiff's Second Amended Complaint was filed on July 5, 2013. (Doc. No. 42.) However, no answer was filed on behalf of the three defendants at issue here. A few days later, the Discovery and Scheduling Order issued which opened discovery and set December 9, 2013 as the deadline for the completion of discovery, including the filing of any motions to compel. (Doc. No. 43.) That order specifically stated that "**discovery requests must be served at least forty-five (45) days before the discovery deadline.**" (*Id.* at 1:23-24) (emphasis added). It also stated, "**[a] request for an extension of a deadline set in this order must be filed on or before the expiration of the deadline in question**." (*Id.* at 2:18-19) (emphasis in original).

Plaintiff's motion for a 90-day extension of all deadlines set by the scheduling order in this case, including discovery, was granted. (Doc. Nos. 51, 52, 53.) At his request, the deadline for the completion of discovery was extended from December 9, 2013 to March 9, 2014. (Doc. 53.) Nonetheless, plaintiff failed to propound any discovery to ascertain the whereabouts of Dr. Benyamin, Dr. Ferro, and Nurse Dishman.[3] Plaintiff did nothing to pursue service on Dr. Benyamin, Dr. Ferro, and Nurse Dishman until March 21, 2014 when he filed a motion requesting an order directing the USM to produce proofs of service. (Doc. No. 62.) While his motion in that regard was denied (Doc. No. 79), a separate order also issued noting that the U.S. Marshal reported that the facility had been contacted and reported no record of any of those three defendants and that CDCR's legal department also had no information regarding them. (Doc. No. 80). Therefore, on May 21, 2014, plaintiff was given 30-days to provide additional information

---

[3] Indeed, plaintiff waited until April of 2014 to file a motion to compel with respect to the discovery that he propounded, which motion was denied as untimely. (Doc. Nos. 67, 78.)

6

to assist service efforts as to these three defendants with the suggestion that he include "information such as the place, date, and time that he saw any of these defendants and all identifying attributes that he can recall about them such as their gender, hair color, height, weight, and the like." (Doc. No. 80.) Plaintiff requested and received a three month extension of time, up to September 12, 2014, to submit the requested information to assist in locating the three defendants for purposes of service. (Doc. Nos. 86, 90.)

Approximately one month beyond the extended deadline, plaintiff had still not filed any identifying information. Accordingly, the court issued an order requiring plaintiff to show cause why defendants Dr. Benyamin, Dr. Ferro, and Nurse Dishman should not be dismissed from this action pursuant to Rule 4(m). (Doc. No. 93.) In his response to the order to show cause, plaintiff raised many of the same arguments he now asserts in his current motion, to wit: that the state agencies which the U.S. Marshal contacted to locate these three defendants would be "protective of state employees" such that "there should be no reasonable expectation that these agencies would cooperate" by providing information for service; and that the U.S. Marshal should be required to search the internet, state and federal public records, as well as request change of address information via the U.S. Postal Service to ascertain the location of the three named defendants in order to effectuate service. (Doc. No. 94.) Notably, plaintiff once again failed to provide the simple identifying information requested by the court in its May 21, 2014 order, which should have been in his possession. (*Id.*)

Because plaintiff failed to provide any additional information to assist in effectuating service, findings and recommendations issued on April 22, 2015, recommending that defendants Dr. Benyamin, Dr. Ferro, and Nurse Dishman be dismissed from this action, noting that the time for serving them had been extended well beyond the 120 days from filing of the operative pleading (over three years) and finding that good cause did not exist to further extend the time for service. (Doc. No. 99.) The findings and recommendation also observed that it was plaintiff's duty to provide information necessary to identify and locate a defendant for service of process and that the U.S. Marshal was not required to engage in the types of efforts that plaintiff apparently desired be taken. (*Id.*) Plaintiff was provided 30 days from the date the findings and

7

recommendation were issued to file objections thereto, but did not do so.  (*Id.*)  Thus, on July 10, 2015, the then-assigned district judge issued an order adopting the findings and recommendations and Dr. Benyamin, Dr. Ferro, and Nurse Dishman were dismissed from this action pursuant to Rule 4.  (Doc. 108.)

The record is clear that plaintiff has never provided *any* information beyond the surnames of Dr. Benyamin, Dr. Ferro, and Nurse Dishman, upon which to attempt service, despite multiple and extended opportunity to do so.  While mere surnames frequently suffice, in this case, they were not sufficient for purposes of effectuating service.  Because plaintiff failed to provide the U.S. Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendant was appropriate.  *Walker*, 14 F.3d at 1421-22 (district court did not abuse its discretion in dismissing a defendant for failure to serve process within the time provided by Rule 4 because plaintiff did not prove that he provided the marshal with sufficient information to effectuate service).

At the time Dr. Benyamin, Dr. Ferro, and Nurse Dishman were dismissed from this action, the case had been pending for over five years and the dispositive motion filing deadline was less than a month away under the scheduling order that had already been extended at plaintiff's request .  (Doc. No. 99 at 3.)  This action is now over seven years old and trial with respect to the sole remaining claim has commenced.  As a *pro se* prisoner, plaintiff was required to have "furnished the information necessary to identify the defendant." *Walker*, 14 F.3d at 1422.  Here, even after being ordered to submit additional information to assist is service, plaintiff remained silent and did nothing to attempt to remedy apparent defects.  *See Rochon*, 828 F.2d at 1110 ("[A] plaintiff may not remain silent and do nothing to effectuate such service.  At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge.").  The fact that counsel for the remaining defendants proceeding to trial listed Dr. Benyamin and Dr. Ferro on their designation of experts does not excuse plaintiff's lack of efforts to comply with this Court's orders to assist with locating those defendants for purposes of service in this action years ago.

/////

Moreover, consideration of the applicable factors in making decisions regarding the extension of time under Rule 4(m) do not now dictate a different result. *See Efaw*, 473 F.3d at 1041 (noting factors to be considered). Though the applicable statute of limitations would bar any new action against Dr. Benyamin, Dr. Ferro, and Nurse Dishman by plaintiff, the prejudice to those three defendants if service upon them was authorized at this late date is apparent. If plaintiff were allowed to resurrect his claims and serve Dr. Benyamin, Dr. Ferro, and Nurse Dishman in this action, discovery would necessarily have to be reopened and an already dated action would linger even longer on this Court's docket. The three defendants would be prejudiced as they would be required to engage in and defend discovery with respect to claims relating to events that allegedly occurred a decade ago or longer.[4] If plaintiff's motion were to be is granted, this 2010 action, involving events which allegedly occurred in 2006-07, would start anew for all practical purposes,.

Further, plaintiff has submitted no evidence showing that Dr. Benyamin, Dr. Ferro, and Nurse Dishman have actual notice of this action, beyond defense counsel's recent contact with the two physicians in connection with designating them as possible expert witnesses. That is an insufficient basis upon which to order service at this late stage. *See Straub v. AP Green, Inc.*, 38 F.3d 448, 454 (9th Cir. 1994) (finding that even where a defendant's attorney contacted the court about the status of the action it was insufficient to establish that defendant had actual notice).

Plaintiff argues that the Ninth Circuit should "clearly carve out . . . a new rule" requiring district courts to order the U.S. Marshal to access the internet and public records to locate defendants who no longer work for the CDCR for purposes of service. (Doc. No. 147 at 3.) Plaintiff has failed to come forward with any legal precedent for imposing such requirements on the U.S. Marshal and the court has found none. In addition, given the number of incarcerated plaintiffs who proceed *pro se* in this district, the court declines to impose such an overwhelming and additional burden on the U.S. Marshal.

---

[4] It cannot be assumed that the same defense counsel representing the defendants who proceeded to trial would also represent Dr. Benyamin, Dr. Ferro, and Nurse Dishman were they now to appear in this action. It is not unusual for each medical practitioner to have independent defense counsel in cases such as this one.

Accordingly, plaintiff's motion to order service on Dr. Benyamin, Dr. Ferro, and Nurse Dishman will be denied.

**FINAL JUDGMENT UNDER RULE 54**

In the alternative, plaintiff requests that final judgment be issued with respect to his claims against Dr. Benyamin, Dr. Ferro, and Nurse Dishman under Rule 54(b) of the Federal Rules of Civil Procedure. (Doc. 147, pp. 3-5.)

Trial as to the remaining defendants has commenced and will soon conclude. Therefore, it appears that judgment is likely to be entered on the entire action in the not too distant future. Thereafter, plaintiff may file a notice of appeal on any issue he deems appropriate. Accordingly, plaintiff's motion for entry of judgment against Dr. Benyamin, Dr. Ferro, and Nurse Dishman under Rule 54 will be denied.

**SANCTIONS**

Finally, plaintiff requests the Court to sanction defense counsel "for concealing defendants addresses." (Doc. No. 147 at 5.) Plaintiff contends that it "should be noted that DAG Diana Esquivel was previously sanctioned $200.00" by another judge of this court who found that she had submitted a declaration that was "demonstrably false" and that any declaration submitted by defense counsel should be viewed by this court as suspect. (*Id.*) (citing *Herrera v. Lee*, #CIVS-10-1744-GEB-EFB-P, 2011 U.S. Dist. LEXIS 74069.)

Three primary sources of authority under which courts may sanction parties or their lawyers for improper conduct: (1) the Federal Rules of Civil Procedure and Local Rules, (2) 28 U.S.C. § 1927[5], and (3) the court's inherent power. *See Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001).

**I.   Federal Rule of Civil Procedure 11**

Rule 11(b) provides that "[b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief,

---

[5] This section is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings which is not applicable here.

formed after an inquiry reasonable under the circumstances: . . . (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." When evaluating the imposition of sanctions, Rule 11 requires the Court to consider not whether the party demonstrated subjective good faith in filing the document, but whether the party acted objectively reasonably in doing so. *G.C. & K.B. Investments v. Wilson*, 326 F.3d 1096, 1109 (9th Cir. 2003).

Plaintiff presents no evidence upon which this court could find that defendants' counsel presented or is advocating a pleading, written motion, or other paper in bad faith or for an improper purpose. Though it would perhaps have been ideal if the U.S. Marshal had listed the individuals with whom they spoke on the unexecuted proofs of service filed with the court (*see* Docs. No. 74-76), no such notations were made and, indeed, none are customary. The only evidence plaintiff points to in support of his assertion that defense counsel "concealed" the locations of Dr. Benyamin, Dr. Ferro, and Nurse Dishman so as to avoid service is a generic note by the U.S. Marshal that they contacted the legal office in 2013 which resulted in a response of "no info" and that defense counsel listed addresses for Dr. Benyamin and Dr. Ferro in the defendants' expert disclosures in 2017. There is no evidence that defense counsel was contacted by the U.S. Marshal when they were attempting to locate those three defendants and certainly no evidence that would justify imposing sanctions under Rule 11.

**II.     Federal Rule of Civil Procedure 41(b)**

This Court also has the authority to sanction litigants who fail to comply with its orders. Specifically, Rule 41(b) authorizes courts to dismiss an action for failure to comply with its orders. Fed. R. Civ. P. 41(b). Although that rule appears to contemplate that dismissal will be precipitated by a motion from the opposing party, a court may act *sua sponte* under Rule 41(b). *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962); *Pagtalunan v. Galaza*, 291 F.3d 639, 640-43 (9th Cir. 2002) (affirming district court's *sua sponte* dismissal of habeas petition with prejudice "for failure to prosecute and failure to comply with a court order").

In addition, pursuant to the Court's Local Rules, this Court has the authority to impose any appropriate sanction to curtail abusive litigation tactics. *See* E.D. Cal. L.R. 110 ("Failure of

11

counsel, or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal"); *Delange v. Dutra Constr. Co., Inc.,* 183 F.3d 916, 919 n. 2 (9th Cir. 1999) (district courts enjoy "broad discretion in interpreting and applying their local rules").

Again, there is absolutely no evidence upon which to find that defense counsel was contacted by the U.S. Marshal and failed to provide then available information regarding the whereabouts of the three individuals. Absent such evidence, imposition of sanctions under Rule 41 is clearly unwarranted.

### III. Inherent Power

"It has long been understood that certain implied powers must necessarily result to our Courts of justice from the nature of their institution, powers which … are necessary to the exercise of all others." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (internal quotation marks and citation omitted). "For this reason, Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence and submission to their lawful mandates." *Chambers*, 501 U.S. at 43 (internal quotation marks and citation omitted). Inherent powers are properly exercised to "protect[ ] the due and orderly administration of justice and maintain[ ] the authority and dignity of the court." *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir.1997) (internal quotation marks omitted). However, because of their very potency, inherent powers must be exercised with restraint and discretion. *Chambers*, 501 U.S. at 44. As previously stated, there is no evidence before this court upon which to find that defense counsel was contacted by the U.S. Marshal and failed to provide then available information on the whereabouts of the three individuals. No basis for the imposition of sanctions under the court's inherent powers exists.

Accordingly, plaintiff's request for the imposition of sanctions will be denied.

/////

/////

**CONCLUSION**

For the foregoing reasons, plaintiff's motion, filed on March 2, 2017 (Doc. 147), to order service pursuant to Rule 4(m) or, in the alternative, to enter final judgment as to fewer than all claims and parties pursuant to Rule 54(b), and for sanctions, is DENIED in its entirety.

IT IS SO ORDERED.

Dated: **May 4, 2017**

UNITED STATES DISTRICT JUDGE

13