UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER HARBRIDGE,<br><br>Plaintiff,<br><br>v.<br><br>HALL, LEE, and TUCKER,<br><br>Defendants. | No. 1:10-cv-00473-DAD-JLT<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A NEW TRIAL<br><br>(Doc. No. 203) |

Plaintiff, Christopher Harbridge, is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The case proceeded to jury trial only on plaintiff's claim for deliberate indifference to his serious medical need in violation of his rights under the Eighth Amendment against defendants Hall, Lee and Tucker. The trial commenced on May 2, 2017. On May 5, 2017, the jury returned a verdict in favor of defendants and judgment was entered. On June 2, 2017, plaintiff filed a motion for a new trial. (Doc. No. 23.) Defendant filed an opposition to that motion on June 20, 2017. (Doc. No. 204.) On July 5, 2017, plaintiff filed a reply. (Doc. No. 205.)

Plaintiff asserts that the jury's verdict was contrary to the weight of evidence with respect to defendants Tucker and Hall. Plaintiff contends that he presented evidence at trial satisfying all the elements for deliberate indifference as to defendant Tucker, who plaintiff claims had

1

knowledge of plaintiff's injuries. (Doc. No. 203 at 1.) Plaintiff also argues that defendant Tucker admitted to exhibiting deliberate indifference in testifying that he had the ability to summon medical treatment for plaintiff, but did not do so and in failing to inform his supervisor of plaintiff's need for medical assistance. (*Id.* at 1–2.) Plaintiff contends these same points hold true as to defendant Hall who plaintiff claims also had knowledge of plaintiff's injuries but did not provide a cane or crutches or follow-up with plaintiff. (*Id.* at 2.)

Defendants counter that doubts about the correctness of the verdict are not grounds for the granting of a new trial. Rather, defendants contend that there must be a clear finding that the jury's verdict was reached in error. (Doc. No. 204 at 2.) Defendants emphasize that the evidence presented at trial confirmed that defendants Hall and Tucker were not deliberately indifferent to plaintiff's serious medical need because they clearly did not ignore plaintiff's swollen ankle and could not, therefore, be found liable. (*Id.* at 3.) They note defendant Hall's testimony showed that he offered to send plaintiff to the hospital for further treatment, but plaintiff refused, and that as a licensed vocational nurse, as opposed to a physician, Hall was not authorized to provide plaintiff with a cane or crutches. (*Id.*) Defendants also observe that defendant Tucker's trial testimony established that he was not deliberately indifferent to plaintiff's swollen ankle but, instead, immediately contacted medical staff and was informed that plaintiff already had an appointment for an x-ray, an explanation plaintiff appeared to accept. (*Id.* at 3–4.)

The court agrees that the jury's verdict properly reflected a reasonable view of the evidence introduced at trial – that these defendants met their constitutional duty by offering to send plaintiff to the hospital and contacting medical staff. Nonetheless, below the court will specifically address some of the grounds raised in plaintiff's pending motion for a new trial.

**LEGAL STANDARD**

Rule 59 of the Federal Rules of Civil Procedure provides that, "[t]he court may, on motion, grant a new trial . . . for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). Rather than specify the grounds on which a motion for a new trial may be granted, Rule 59 states that courts are bound by historically recognized grounds, which include, but are not limited to, claims "that the verdict is

against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving." *Molksi v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007); *see also Shimko v. Guenther*, 505 F.3d 987, 992 (9th Cir. 2007) ("The trial court may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice.") (citations omitted). The district court may correct manifest errors of law or fact, but the burden of showing that harmful error exists falls on the party seeking the new trial. *Malhoit v. Southern Cal. Retail Clerks Union*, 735 F.2d 1133 (9th Cir. 1984); *see also* 11 Wright, Miller & Kane, *Federal Practice and Procedure*: Civil 2d § 2803 (1995). When a party claims that a verdict is against the clear weight of the evidence, the court should give full respect to the jury's findings and only grant a new trial if it "is left with the definite and firm conviction that a mistake has been committed" by the jury. *Landes Const. Co., Inc. v. Royal Bank of Canada*, 833 F.2d 1365, 1371–72 (9th Cir. 1987). "While the trial court may weigh the evidence and credibility of the witnesses, the court is not justified in granting a new trial merely because it might have come to a different result from that reached by the jury." *Roy v. Volkswagen of Am. Inc.*, 896 F.2d 1174, 1176 (9th Cir. 1990), *opinion amended on denial of reh'g*, 920 F.2d 618 (9th Cir. 1990); *see also Silver Sage Partners, Ltd. v. City of Desert Hot Springs*, 251 F.3d 814, 819 (9th Cir. 2001) ("[A]" district court may not grant a new trial simply because it would have arrived at a different verdict."). The authority to grant a new trial under Rule 59 is left almost entirely to the discretion of the trial court. *Allied Chem. Corp. v. Daiflon*, 449 U.S. 33, 36 (1980).

## DISCUSSION

Plaintiff seeks a new trial on numerous grounds: (1) jury instruction error; (2) improper narration; (3) conspiracy theories and facts from dismissed claims; (4) prior bad acts; (5) defense counsel's credibility; (6) impropriety by the jurors; and (7) a request for transcripts. The court declines to address plaintiff's conspiracy theories as well as his arguments attacking this court's pretrial rulings on claims that were resolved prior to trial or those on the admissibility of evidence. These issues were addressed either before or during trial and the court need not revisit

/////

them. Accordingly, the court will address only plaintiff's contentions that: (1) the jury instructions were erroneous; and (2) the jurors at his trial engaged in misconduct.

**A. Erroneous Instruction**

Plaintiff takes issue with several instructions given to the jury at his trial. First, plaintiff complains of Jury Instruction Numbers 2 and 16. Instruction Number 2 provided:

> To help you follow the evidence, I will give you a brief summary of the positions of the parties: The plaintiff asserts that defendants violated his rights under the Eighth Amendment by failing to provide or summon medical care for his left ankle and thigh injuries on May 2 to 4, 2006. The plaintiff has the burden of proving these claims.

Instruction Number 16 described the Eight Amendment standard for deliberate indifference as follows:

> Under the Eight Amendment, a prisoner has the right to be free from "cruel and unusual punishment." This includes the right to receive timely and adequate medical treatment. In order to prove the defendants deprived the plaintiff of this right, the plaintiff must prove the following additional elements by a preponderance of the evidence:
>
> 1. The plaintiff faced a serious medical need;
>
> 2. The defendant was deliberately indifferent to that medical need, that is, the defendant knew of it and disregarded it by failing to take reasonable measures to address it; and
>
> 3. The acts or failure to act of the defendants caused harm to the plaintiff.
>
> "Deliberate indifference" is the conscious choice to disregard the consequences of one's acts or omissions.
>
> A "serious medical need" is present whenever the failure to treat a prisoner's condition could result in further significant injury or in the unnecessary and wanton infliction of pain.
>
> Indicators that determine a serious medical need include: the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment.

/////

4

1  Specifically, plaintiff maintains that these instructions were confusing and could have caused the
2  jury to believe that his burden of proof was higher than that imposed by the law. (Doc. No. 203 at
3  2–3.) In support of his claim, plaintiff merely repeats his contention that he satisfied the
4  deliberate indifference standard because both defendants Hall and Tucker admitted to having
5  knowledge of his injury and failing to provide treatment for it. (*Id.*)

6  Instruction Number 16 as given to the jury at plaintiff's trial accurately reflects the Eight
7  Amendment standard for deliberate indifference under the law.[1] Under this standard, the
8  evidence must show that prison officials demonstrated a conscious disregard towards the
9  plaintiff's serious medical need. Here, the jury reasonably concluded based upon the evidence at
10 trial that plaintiff had failed to make such a showing. In any event, plaintiff's attack on this
11 instruction lacks merit.

12 Instruction Number 2 simply informed the jury at plaintiff's trial of the nature of
13 plaintiff's claims. Plaintiff does not point to any error in the giving of this instruction not does he
14 make any plausible argument of confusion caused by it. This contention of instructional error
15 also lacks merit.

---

[1] Where, as here, a prisoner's Eighth Amendment claims arise in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc). If a prisoner establishes the existence of a serious medical need, he must show that prison officials responded to the serious need with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prisoner officials provide medical care. *Hutchinson v. United States*, 838 F.2d 390, 393–94 (9th Cir. 1988). Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, however, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–06); *see also Toguchi v. Soon Hwang Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence is diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); *McGuckin*, 974 F.2d at 1059 (same). Deliberate indifference is a "state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" *Farmer*, 511 U.S. at 835 (quoting *Whitley*, 475 U.S. at 319).

Plaintiff also takes issue with Jury Instruction Numbers 13 and 14 as given at his trial. (*Id.* at 3.) Instruction Number 13 generally outlined the requirements for a claim brought under § 1983, namely that "any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party." Instruction Number 14 merely defined "under color of state law" as meaning that "the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation." Plaintiff argues that including this standard instruction confused the jury and caused it to believe he had to prove an additional element in support of his claim. (*Id.*) Notably, plaintiff's jury was also instructed that the parties had stipulated that the defendants were acting "under color of state law." The giving of Instruction Numbers 13 and 14 at plaintiff's trial was not erroneous.

**B. Impropriety by the Jurors**

Next, plaintiff speculates that the jurors disobeyed the court's instructions and conducted online research of his criminal conviction. (*Id.* at 13.) For unknown reasons, plaintiff believes the jurors located a newspaper article on the internet portraying him as a "cold-blooded killer with no remorse." (*Id.*) Plaintiff requests the court to recall the jurors and inquire whether they conducted such online research. (*Id.*)

Plaintiff also contends that the court erred by failing to dismiss a juror because plaintiff now believes that juror did not understand English well. (*Id.*) Plaintiff requests that the court recall the juror to inquire whether he understood the evidence and testimony presented at trial. (*Id.*) Below, the court will briefly address both of plaintiff's contentions of jury misconduct.

    1. <u>Juror Misconduct:  Independent Research Regarding Plaintiff's Conviction</u>

Here, plaintiff merely speculates that the jury in his case considered extrinsic material that was not admitted into evidence. Plaintiff has offered no evidence even vaguely suggesting that such juror misconduct occurred in this case. Given that complete lack of support for his claim, plaintiff's assertion of juror misconduct must be rejected. *See United States v. Saya*, 247 F.3d 929, 937 (9th Cir. 2001) *amended,* 2001 WL 476942 (9th Cir. May 8, 2011); *Hard v. Burlington*, 870 F.2d 1454, 1461 (9th Cir. 1989) ("An evidentiary hearing is justified only when these

materials are sufficient on their face to require setting aside the verdict."); *Bayramoglu v. Estelle*, 806 F.2d 880, 887 (9th Cir. 1986).

        2. <u>Juror's Alleged Limited English Proficiency</u>

Plaintiff did not challenge the juror he now complains about for cause, nor did he exercise one of his peremptory challenges to excuse the juror. His belated complaint about the juror is therefore without merit.

In civil cases, challenges to a juror's qualification for service must be made "before voir dire examination begins, or within seven days after the party discovered or could have discovered . . ." non-compliance with the Jury Selection Service Act. 28 U.S.C. § 1867(c). *See, e.g.*, *Bumpus v. Uniroyal Tire Co., Div. of Uniroyal*, 392 F. Supp. 1405, 1406 (E.D. Pa. 1975) (precluding plaintiff's motion because he "failed to raise the objection [regarding English proficiency] before voir dire, as is required . . . ."); *United States v. Gray*, 47 F.3d 1359, 1367–68 (4th Cir. 1995) ("We therefore follow other circuits and hold that, where timely objections are not filed, as in this case, subsequent doubts about a juror's linguistic competence will not constitute grounds for relief absent a showing of either ' "manifest" or "clear" injustice,' or 'manifest prejudice.'"); *Johnson*, 812 F. Supp. at 979 (noting that, "[as] one commentator has said, '[f]ailure to object at the time the jury is impaneled operates as a conclusive waiver if the basis of the objection is known or might have been known or discovered through the exercise of reasonable diligence, or if the party is otherwise chargeable with knowledge of the ground of the objection.'").

With respect to the juror in question here, plaintiff's failure to make a timely challenge to the juror constitutes a waiver. The court inquired about the juror's qualifications, including his proficiency in English, and found the juror qualified. As noted above, plaintiff failed to challenge the juror or even suggest any issue with respect to the juror's qualifications. Accordingly, plaintiff is not entitled to a new trial on this ground.

/////

/////

/////

7

**CONCLUSION**

For the reasons stated above, the court will deny plaintiff's motion (Doc. No. 203) for a new trial. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **March 30, 2018**

_____
UNITED STATES DISTRICT JUDGE